MERCER v. CINCINNATI NORTHERN RAILROAD CO.

1. CARRIERS OF PASSENGERS — RAILROADS — INFIRM PASSENGER — DUTY TO ASSIST.

Where a railroad company voluntarily accepts, without an attendant, a person as a passenger whose inability to care for himself is apparent or made known to its servants, and renders special care and assistance necessary, the company is negligent if such assistance is not afforded.

2. SAME — ALIGHTING WITHOUT ASSISTANCE — CONTRIBUTORY NEGLIGENCE.

Where an infirm passenger, on arriving at her destination in the night-time, went to the car platform to alight, accompanied by her little daughter, and found no one there to assist her as she had been promised by the conductor, and her daughter who went for help failed to return, she was not guilty of contributory negligence, as a matter of law, in attempting to alight without assistance, but the question was one for the jury under proper instructions.

3. DAMAGES — PLEADING — PERSONAL INJURIES — EVIDENCE ADMISSIBLE.

An averment that plaintiff "slipped and fell and was severely sprained and wrenched in the joints and cords of her left leg and the bones thereof were injured," is sufficient to permit the introduction of testimony in relation to an injury to the hip.

Error to Jackson; Smith (Clement), J., presiding. Submitted January 22, 1908. (Docket No. 119.) Decided March 17, 1908.

Case by Flora A. Mercer against the Cincinnati Northern Railroad Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Wilson & Cobb* and *A. L. Clark*, for appellant.

*Thomas E. Barkworth* (*Richard Price*, of counsel), for appellee.

CARPENTER, J. December 24, 1902, at Jackson, in this State, plaintiff, accompanied by her ten-year old daughter, took passage on defendant's train for Alvordton, Ohio. Shortly before that time she had suffered a slight injury to the cords of her left leg, which somewhat impeded her movements. Before boarding the train, plaintiff's husband stated her condition to the conductor and obtained his promise to assist her in alighting at Alvordton. Plaintiff herself, subsequently, upon surrendering her ticket, told the conductor that she would need assistance in alighting, "and asked him if he would please assist me and he told me he would; he would see I got off all right." When the train reached Alvordton plaintiff and her daughter carried their hand parcels out on the platform which was covered with snow. They "stood there quite a few minutes." It was dark. There was no one there to assist them to alight. Her daughter got off and went away to procure assistance. She was gone some time and the plaintiff, as she testifies, "got very nervous; I thought I must get off. * * * I waited as long as I thought I ought to." She therefore attempted to alight without assistance, fell from the steps, and was injured. She brought this suit to recover compensation and obtained a verdict and judgment in the circuit court.

1. The most important question in the case is this: Was defendant under any obligation to assist plaintiff to alight? The law upon this subject is, in our judgment, correctly stated by the supreme court of Minnesota, in *Croom* v. *Railway Co.*, 52 Minn. 296 (18 L. R. A. 602), speaking through Justice Mitchell, as follows:

"A railroad company is not bound to turn its cars into nurseries or hospitals, or its employés into nurses. If a passenger, because of extreme youth or old age, or any mental or physical infirmities, is unable to take care of himself, he ought to be provided with an attendant to take care of him. But if the company voluntarily accepts a person as a passenger, without an attendant, whose inability to care for himself is apparent or made known to its servants, and renders special care and assistance nec-

essary, the company is negligent if such assistance is not afforded. In such case it must exercise the degree of care commensurate with the responsibility which it has thus voluntarily assumed, and that care must be such· as is reasonably necessary to insure the safety of the passenger, in view of his mental and physical condition. This is a duty required by law as well as the dictates of humanity."

In that case plaintiff, an aged man, feeble and infirm in mind and body, undertook to travel alone from Savanna, Illinois, to Wells, Minnesota. His condition was known to defendant's employés when he was accepted as a passenger. He was injured because he did not receive needed assistance when he was changing cars at Austin, Minnesota. In accordance with the rule of law above stated, defendant was held responsible. See, also, *Southern R. Co.* v. *Hobbs*, 118 Ga. 227 (63 L. R. A. 68); *Foss* v. *Railroad*, 66 N. H. 256 (11 L. R. A. 367); 3 Thompson on Negligence, § 2846; 2 Hutchinson on Carriers (3d Ed.), §§ 992, 1127.

2. It is contended that plaintiff was guilty of contributory negligence in endeavoring to alight. Many of the cases relied upon by defendant are those where a passenger attempted to alight from a moving train. This case is very different from those. The risk was obviously much less. Upon this subject we quote with approval from the brief of plaintiff's counsel:

"Plaintiff expecting, as she had a right to expect, that defendant's employés would meet her and assist her in alighting, had made her way to the platform of the car. The trainmen had left. It was dark. Her little girl, stepping off to find an employé, had disappeared. If the train started, she was very likely to be thrown down and injured. If she went back to resume her seat, she would have to leave her daughter and run the chance of falling, incident to that movement. If she attempted to get down, as she did, she faced the danger incident to that. In any direction there was danger."

Under these circumstances, plaintiff was not, as the trial court said, "negligent if she chose the alternative

which proved to be the more dangerous." *Fehnrich* v. *Railroad Co.*, 87 Mich. 606. The question of contributory negligence was one for the jury to decide and the trial court submitted it to them with appropriate instructions.

3. Rulings upon the admission of testimony. Plaintiff testified:

" I have a great deal of trouble with my back and hip. My back pains me a great deal and my head pains me much of the time. When I walk my hip feels as though something was twisted."

Defendant complains because the court refused "to strike out all testimony in relation to the injury to the hip for the reason that no such injury is averred in the declaration." The declaration does aver:

" She slipped and fell and was severely sprained and wrenched in the joints and cords of her left leg and the bones thereof were injured."

We think this a sufficient averment to permit the introduction of the testimony.

No other question demands discussion. The judgment is affirmed.

Grant, C. J., and Montgomery, Ostrander, and Hooker, JJ., concurred.