## LEARY *v*. BECKER.

1. AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE — WANT OF CARE.

> Where plaintiff was injured in attempting to extinguish a fire in his car, caused by a piece of waste being left on the exhaust pipe near the gasoline tank by servants of defendant, who had repaired the automobile, the question of negligence was for the jury.

2. SAME — CONTRIBUTORY NEGLIGENCE — EXTENUATING CIRCUMSTANCES.

> Whether plaintiff was chargeable with contributory negligence for using his hands in attempting to put out the fire was a question of fact, when his own and another family occupied the car.

Error to Kent; McDonald, J. Submitted October 15, 1915. (Docket No. 117.) Decided March 31, 1916.

Case by George W. Leary against Ray E. Becker, doing business as the Becker Auto Company, for personal injuries. Judgment for defendant on a verdict directed by the court. Plaintiff brings error. Reversed.

*Smedley & Linsey,* for appellant.

*Cornelius Hoffius,* for appellee.

BIRD, J. Plaintiff suffered quite severe injuries by having his hands burned, which he claims were due to the negligence of the defendant. The trial court directed a verdict for defendant, on the ground that plaintiff's own negligence contributed to his injuries.

It appears that plaintiff owned a Ford car which he had purchased from defendant. It failed to work a short time thereafter, and he took it to defendant's garage for repairs. The repairs were made, and

plaintiff took the machine into his possession again. Later in the day, while riding with his wife and daughter and a neighbor and his wife and daughter, he had occasion to ascend a steep hill on Michigan avenue, and he placed his machine in low speed. Just as he reached the top of the hill he discovered fire and smoke coming up through the lever holes. Thinking it was due to a leak in his gasoline tank, he stopped, alighted, and grabbed hold of the floor boards to remove them, and in so doing severely burned his hands. After removing the boards he discovered the fire was caused by a piece of burning waste which had been left by the repair man on the exhaust pipe near the gasoline tank, and the low speed had heated the exhaust pipe to the point of setting the waste on fire. After throwing sand on the burning waste, he grabbed it with his bare hands and threw it aside.

There appears to have been little doubt in the mind of the court that defendant was negligent, but he was also impressed that plaintiff was negligent in reaching down into the fire through the finger or lever holes to remove the boards. The question whether plaintiff was guilty of contributory negligence under such circumstances is one upon which reasonable men might differ. Seeing fire proceeding from a point near his gasoline tank would have a tendency to alarm the average motorist. The fact that he had his family and his neighbor's family in the car would undoubtedly increase his concern. From the fact that he did not choose the most prudent method of extinguishing the fire without injury to himself under such circumstances is not conclusive proof of his contributory negligence. The fact that he took a risk to protect his own and his neighbor's family from injury is entitled to great weight in determining whether he was guilty of contributory negligence. *Fehnrich* v. *Railroad Co.*, 87 Mich. 606 (49 N. W. 890) ; *Milbourne* v. *Power Sta-*

*tion Co.*, 140 Mich. 321 (103 N. W. 821, 70 L. R. A. 600) ; *Mercer* v. *Railway*, 151 Mich. 568 (115 N. W. 733) ; 29 Cyc. p. 523.

We are of the opinion that the question as to whether he acted as an ordinarily prudent man would have acted under similar circumstances was a fair question for the jury, and it should have been submitted to them.

The judgment is reversed, and a new trial ordered.

STONE, C. J., and KUHN, MOORE, and PERSON, JJ., concurred with BIRD, J.

BROOKE, J. I am of opinion that the learned circuit judge correctly held plaintiff guilty of contributory negligence as a matter of law.

OSTRANDER and STEERE, JJ., concurred with BROOKE, J.