EMMA PATZKE v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

November 12, 1909.

Nos. 16,245—(48).

**New Trial — Abuse of Discretion.**

> In this, a personal injury action, the evidence so greatly preponderates
> against the testimony of the respondent as to the manner in which the acci-
> dent occurred, that the court abused its discretion in not granting appel-
> lant's motion for a new trial.

Action in the district court for Carver county to recover $15,500
damages for personal injuries alleged to have been sustained while
alighting from its train. The case was tried before Morrison, J., and
a jury which returned a verdict in favor of plaintiff for $12,000.
From an order denying defendant's motion for judgment notwith-
standing the verdict or for a new trial, it appealed.

Reversed and new trial granted.

*W. H. Bremner, H. J. Peck,* and *Geo. W. Seevers,* for appellant.
*Thos. F. Craven* and *W. C. Odell,* for respondent.

LEWIS, J.

Respondent was a passenger on appellant's train, which, going
south, arrived at Merriam Junction on the morning of October 11,
1907, and she claimed to have been injured by the starting of the
train while she was in the act of stepping from the car to the plat-

[1]Reported in 123 N. W. 57.

109 M.—7

form. Respondent recovered a verdict, and appeal was taken from the order denying the motion for judgment notwithstanding the verdict or for a new trial.

Respondent testified that, as the train approached Merriam Junction, some one called out the name of the station; that the train came to a stop, and she went out upon the platform, and before she succeeded in alighting the train started up. No other witnesses corroborate her account of the accident, and her testimony stands practically unsupported. On the other hand, ten witnesses were called on behalf of the defense, from whose testimony it appears that respondent either walked off, or fell off, the train before it reached the station platform, and at a point three or four hundred feet north thereof. The brakeman on the passenger train testified that he saw respondent step off, or fall off, the train while it was going at the rate of fifteen to twenty miles an hour, approaching the station. The engineer and fireman of a freight train, which stood on an adjoining track, testified that they saw her, immediately after she had fallen, at a point three or four hundred feet north of the platform. The engineer helped to carry her to the depot. Two witnesses riding on the observation car at the rear of the passenger train testified that they saw her picked up at or about that point. A passenger in the smoking car, the conductor, and the fireman of the passenger train all testified that they saw respondent carried from some point north toward the depot.

Respondent testified that she was dragged as far as the crossing. It was conceded that she was injured; but it is argued, from the nature of her injuries, she could not have been dragged along the platform in the manner stated. The only crossing referred to in the evidence is that of the Chicago, St. Paul, Minneapolis & Omaha Railway Company, which crossed at right angles with appellant's track some distance north of the depot. There are some facts slightly tending to corroborate respondent; but the court is of opinion that the evidence so greatly preponderates against her account that it was an abuse of discretion to deny appellant's motion for a new trial.

Reversed and new trial granted.