CetOMMONWEALTH *vs.* BROCKTON STREET RAILWAY COMPANY.

Plymouth.   Oct. 19, 1886. — Feb. 23, 1887.   DEVENS & W. ALLEN, JJ., absent.

An indictment, on the Pub. Sts. c, 112, § 212, against a street railway corporation, which alleges that by reason of the unfitness, gross negligence, and carelessness of A., the servant of the defendant corporation, and engaged in its business, the life of a passenger on the railway is lost, sufficiently alleges that the life was lost by reason of the unfitness, gross negligence, and carelessness of an agent of the corporation.

If the driver of a street railway car, owned by a corporation, on being relieved by another driver, immediately leaves the car for the purpose of getting a meal, he is while so leaving engaged in the business of the corporation, and an indictment, under the Pub. Sts. c. 112, § 212, will lie against the corporation for the loss of the life of a passenger caused by the gross negligence or carelessness of the driver while so leaving.

INDICTMENT, in three counts, on the Pub. Sts. *c.* 112, § 212, to recover, for the use of the widow of Edward B. Allen, a fine, by reason of the loss of his life, from being pushed off the step of a car of the defendant by an employee thereof, and then being run over by the car.

The second and third counts, on which the case was tried, were as follows :

Second count. " And the jurors aforesaid, on their oath aforesaid, do further present, that the Brockton Street Railway Company, a corporation duly and legally established in said Commonwealth, and duly authorized and empowered to operate, and to propel, draw, drive, and run cars, by the power of horses attached thereto, over, along, and upon the street railway hereinafter described, was on the tenth day of March, in the year of our Lord one thousand eight hundred and eighty-five, the owner of a certain street railway, leading and extending along the highway known as Main Street, in the city of Brockton, in said county of Plymouth, and was then and there in full occupation, possession, operation, management, control, and use of said street railway, and was then and there a common carrier of passengers over, along, and upon said street railway, and that said corporation, on the said tenth day of March, at Brockton aforesaid, by its servants and agents, they being thereto directed, and being then and there engaged in the service and business of said corporation, did propel, draw, drive, and run, by the power of horses thereto attached, and at a high and extraordinary rate of speed, a certain car for carrying passengers, said car and the front platform and steps thereto attached being then and there heavily laden with passengers of said corporation, over, along, and upon said street railway, and at a place thereon near the junction of Nilsson Street with the highway aforesaid ; and that, by reason of the unfitness and gross negligence and carelessness of said servants and agents, while engaged in said business as aforesaid, said servants and agents, with gross negligence and carelessness, did then and there conduct, propel, drive, draw, and run said car, laden as aforesaid, at a high and extraordinary rate of speed as aforesaid, at the place aforesaid, and that one of said servants and agents, to wit, one Charles E. Fenner, with gross negligence and

carelessness, and while engaged in the business of said corporation as aforesaid, and while said car was being propelled, driven, drawn, and run at the high and extraordinary rate of speed aforesaid, at the place aforesaid, did get off from the said front platform and the steps thereto to said car attached, in a grossly negligent, careless, hasty, and improper manner; that one Edward B. Allen, of Brockton aforesaid, was then and there, at the place aforesaid, a passenger on said car, on said street railway, and was then and there, at the place aforesaid, standing and being carried on one of the aforesaid steps of said car, by said corporation, as such passenger aforesaid, and was not then and there in the employment of said corporation; and that, by reason of the unfitness, gross negligence, and carelessness of said servants and agents while they were engaged in the business of said corporation, as aforesaid, and while they were propelling, drawing, driving, and running said car, by the power aforesaid, at the high and extraordinary rate of speed aforesaid, over, along, and upon the street railway aforesaid, at the place aforesaid, and by reason of the unfitness, gross negligence, and carelessness of the said Charles E. Fenner in getting off from said platform and steps in the manner aforesaid, at the place aforesaid, said Edward B. Allen was thrown down, from the steps aforesaid, upon the track of said street railway, and was then and there struck and run over by the wheels of the car aforesaid, and then and there and thereby divers wounds, bruises, and injuries were inflicted in and upon the head, body, and limbs of him, the said Edward B. Allen, of which said wounds, bruises, and injuries the said Edward B. Allen thereafter, on the twelfth day of March, in the year of our Lord one thousand eight hundred and eighty-five, died.

" And so the jurors aforesaid, on their oath aforesaid, do say, that by reason of the unfitness and gross negligence and carelessness of the servants and agents of said Brockton Street Railway Company, while engaged in its business as aforesaid, on the tenth day of March aforesaid, at the place aforesaid, the life of the said Edward B. Allen, he, the said Edward B. Allen, being then and there a passenger of said corporation as aforesaid, and not being in its employment, was lost in the manner and form aforesaid : whereby said corporation has become liable to a fine of

not more than five thousand dollars, nor less than five hundred dollars, to be recovered by indictment, and to be paid to the executor or administrator of the said Edward B. Allen, for the use of the widow of said Edward B. Allen, and that Carrie I. Allen, of Springfield, in our county of Hampden, has been duly appointed and is administratrix of the estate of the said Edward B. Allen; that said Edward B. Allen died as aforesaid, leaving a widow, the said Carrie I. Allen, and no children. Against the peace of the said Commonwealth and contrary to the form of the statute in such case made and provided."

Third count. "And the jurors aforesaid, upon their oath aforesaid, do further present, that the Brockton Street Railway Company, a corporation duly and legally established in said Commonwealth, was on the tenth day of March, in the year of our Lord one thousand eight hundred and eighty-five, the owner, proprietor, and operator of a certain street railway situate in Brockton, in said county of Plymouth, extending and leading over, along, and upon a street, there known as and called Main Street, and was then and there a common carrier of passengers over, along, and upon said street railway, and as such owner, proprietor, and common carrier of passengers, by its servants and agents, on said tenth day of March, at said Brockton, did run, conduct, and drive a certain car over, upon, and along said street railway, in and upon which said car one Edward B. Allen was then and there a passenger, and not being then and there in the employ of said railway company, said servants and agents being then and there engaged in the business of said company, and having then and there, as such servants and agents, the care and management of said car, and being then and there unfit persons to be employed by said company in such service, and, by the unfitness and gross negligence and carelessness of its said servants and agents, the said car, in and upon which the said Edward B. Allen was a passenger as aforesaid, was then and there run, conducted, and driven with great, unreasonable, and improper speed, and in a grossly negligent, careless, and improper manner, and that while the said car was being so conducted, run, and driven over, along, and upon said street railway, in the negligent, careless, and unskilful manner as aforesaid, the said Edward B. Allen, being then

and there a passenger on said car as aforesaid, was then and there, by reason of the unfitness of, and by the gross negligence and carelessness of, the said servants and agents, pushed and thrown off of the said car down on to and upon the track of the said street railway, and being then and there so, as aforesaid, pushed and thrown off of said car and down on to and upon said track, was then and there struck and run over by the wheels of said car, whereby divers injuries, bruises, and wounds were then and there inflicted on the head, body, and limbs of him, the said Edward B. Allen, of which said injuries, bruises, and wounds the said Edward B. Allen thereafter, to wit, on the twelfth day of March, in the year of our Lord one thousand eight hundred and eighty-five, died.

" And so the jurors aforesaid, upon their oath aforesaid, do say that, by reason of the unfitness and gross negligence and carelessness of the servants and agents of the said Brockton Street Railway Company, while engaged in its business, as aforesaid, on the tenth day of March aforesaid, at Brockton aforesaid, the life of the said Edward B. Allen, being then and there a passenger of said corporation, as aforesaid, and not being in its employment, was lost in the manner and form aforesaid: whereby said Brockton Street Railway Company has become liable to a fine not exceeding five thousand dollars nor less than five hundred dollars, to be recovered by indictment, and to be paid to the executor or administrator of the said Edward B. Allen, for the use of the widow and children of the said Edward B. Allen, and that Carrie I Allen, of Springfield, in the county of Hampden, has been duly appointed and now is administratrix of the estate of the said Edward B. Allen ; that said Edward B. Allen died as aforesaid, leaving a widow, to wit, the said Carrie I. Allen, but leaving no children. Against the peace of the Commonwealth and contrary to the form of the statute in such case made and provided."

Before the jury were empanelled, the defendant filed the following motion :

" And said defendant moves that the second count in said indictment be quashed, for the reason that the same is insufficient in form, and does not set forth any offence with precision, accuracy, and certainty, for the following reasons : First. There

is no averment that the life of said Allen was lost by reason of the unfitness and gross negligence or carelessness of any servant or agent of said corporation.

" And said defendant moves that the third count in said indictment be quashed, for the reason that the same is insufficient in form, and does not set forth any offence with precision, accuracy, and certainty, for the following reasons: First. There is no averment that said Edward B. Allen was a passenger on said car. Second. There is no averment that the life of said Allen was lost by reason of the unfitness and gross negligence or carelessness of any servant or agent of said corporation.

" And now comes the defendant and moves that each count in said indictment be quashed, for the reason that each count is vague and uncertain, and too general in its allegations, in that neither count does with sufficient certainty and accuracy set out and aver how or in what manner or in what respect or particular said servants or agents of said company were unfit or grossly negligent or careless."

*Barker*, J., overruled the motion; and the defendant excepted.

The evidence for the government tended to show that, in the morning of March 10, 1885, Edward B. Allen was a passenger on a car of the defendant corporation, and was standing on one of the steps of the front platform ; that one Fenner was driving the car ; that one Ashley got on to the car to relieve Fenner, to enable him to get his breakfast ; that Ashley took the reins, and Fenner immediately got off, as if in a hurry, on the side where Allen was, while the car was in rapid motion, and Allen was pushed or struck against by Fenner, and fell to the ground, and was run over by the car; and died two days afterwards.

The defendant's evidence tended to show that Fenner remained on the car some time after giving the reins to Ashley, and did not get off until after Allen had fallen to the ground.

The defendant requested the judge to instruct the jury as follows: " If the jury find that, at the time Fenner was attempting to get off the car, he was not engaged in the business of the street railway company, they must, under this indictment, return a verdict of not guilty, even though they should find that the other driver was guilty of gross negligence and carelessness, and unfit for his duty."

The judge refused to instruct the jury as requested; and instructed them as follows: "If the jury find the cause of Allen's fall was that he was pushed or struck against by Fenner, as Fenner was in the act of leaving the car, and that Fenner's act at the time, and in the way in which you shall find that it was performed, was a grossly negligent and careless act, then it would be sufficient to fix the liability of the defendant, upon this indictment, if at the time Fenner was engaged in the business of the company, and this is a question of fact. If a driver, after relinquishing his charge and control of the horses, the reins, and appliances to his successor, immediately starts to leave the car in pursuance of a common intention between him and the driver to whom he relinquished the same, in order that the latter should then and there assume his turn at the driving, rather than at any other time and place, to enable the first driver then and there to leave his work and the car, the act of the first driver in so leaving the car may be found to be an act performed when he was in the business of the company. But if there was no present intention on the part of Fenner to leave the car immediately upon relinquishing the driving, and he remained upon the car to be carried on to his place of destination, his act in leaving the car subsequently, when that place of destination was reached, would not be an act done while engaged in the business of the company." The judge also gave other instructions appropriate to the case.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. Kingman,* for the defendant.

*B. W. Harris & R. O. Harris,* for the Commonwealth.

GARDNER, J. The second and third counts of the indictment are sufficient. The only specific objection made at the argument, that there is no averment that the life of Allen was lost by reason of the unfitness, gross negligence, and carelessness of any servant or agent of the corporation, is not sustained. Each count alleges that by reason of the unfitness, gross negligence, and carelessness of one Fenner, who is alleged to be the servant of the defendant corporation, and engaged in its business, the life of Allen was lost. The motion to quash was rightly overruled.

The facts show that the driver Fenner was relieved by one Ashley, to enable Fenner to go to his breakfast. Fenner was in the employ of the defendant corporation, as a driver of one of its horse cars. To perform this duty it was necessary for him to go upon the car, and it was also necessary that he should leave the car when he went to his meals, and when his service was completed for the day. We do not think that he was exclusively within the scope of his employment when he was handling the reins and driving the horses. When going upon the car for that purpose, and when leaving it after he had stopped driving, he was within the scope of his employment. His employment was continuous, and his service began when he stepped upon the car for the purpose of driving the horses, and continued until he left the car, at least if he left immediately after giving the reins and horses in charge of another driver. If in going upon the car to act as driver, or in leaving the car at once after ceasing to be driver, he negligently and carelessly came in contact with a passenger, by reason of which the passenger suffered injury, we think that the driver in so doing was a servant of the corporation, was acting within the scope of his employment, and that the corporation is responsible to the passenger injured for the negligent acts of its driver. The company is liable for whatever injury occurs to a passenger through the negligence and carelessness of its servant in doing what is necessarily incident to his employment. If it should be held otherwise, passengers upon horse cars might be subject to the brutality of one in the service of the corporation, whom the corporation placed upon its cars, and yet for whose acts while upon the car the corporation would not be liable unless he held the reins in his hands and was actually driving the horses at the time of his careless and negligent act.

The instructions prayed for were properly refused, and those given were sufficiently favorable to the defendant.

*Exceptions overruled.*