ANTON H. ROSTED v. GREAT NORTHERN RAILWAY COMPANY.

April 27, 1899..

Nos. 11,482—(42).

**Railway—Exposure of Passenger to Cold.**
Where a person exposed to cold was shortly afterwards attacked by inflammatory rheumatism, *held*, under the circumstances of the case, the jury might find, without the aid of expert evidence, that the rheumatism was caused by the exposure.

**Same—Negligence of Carrier.**
Where the plaintiff, a passenger in a caboose attached to a freight train which was making a regular scheduled trip, was, before he or the train reached their destination, taken off, in the caboose, on a branch line, on an irregular side trip, without notice or warning, and exposed to cold and injured in health, *held*, the jury were warranted in finding the carrier guilty of negligence which caused such injury.

**Same—Admission of Conductor Incompetent.**
*Held*, the admission of the conductor, made after returning from the side trip and starting again on the main trip, that he did not so notify the passenger because he (the conductor) was so busy he forgot to do so, is not competent evidence against the carrier in an action for such injury.

**Same.**
*Held*, this error would not be cured, even if the evidence had subsequently become competent as impeaching evidence, unless the court charged the jury that it should not be considered for any other purpose; and, in order to save his rights, appellant would not be required to request the court so to charge.

**Ruling of Court—Error without Prejudice.**
A certain ruling *held* error without prejudice.

**Notice to Passenger—Brakeman.**
*Held*, it was within the scope of the general duties of the brakeman to notify the passenger to leave the caboose when it was about to be taken off on the side trip.

Action in the district court for Ramsey county to recover $26,000 damages for personal injuries. The case was tried before Brill, J., and a jury, which rendered a verdict in favor of plaintiff for $2,500.

A motion for judgment in favor of defendant notwithstanding the verdict, or for a new trial, was denied; and from a judgment entered in pursuance of the verdict, defendant appealed. ` Reversed.

*Wm. R. Begg* and *J. W. Mason*, for appellant.

Evidence of the conversation with the conductor after the trip on the branch line was not competent to prove that he did not give notice of the trip. A conductor is not authorized to admit the guilt of the company and make amends therefor, nor is there any presumption of such authority. The conversation was not part of the res gestæ. Rodes v. St. Anthony & D. Elevator Co., 49 Minn. 370; Halverson v. Chicago, M. & St. P. R. Co., 57 Minn. 142; Jammison v. Chesapeake, 92 Va. 327; Chesapeake v. Reeves (Ky.) 11 S. W. 464; San Antonio v. Robinson, 73 Tex. 277; North Hudson v. May, 48 N. J. L. 401; Alabama v. Hawk, 72 Ala. 112; Curl v. Chicago, 63 Iowa, 417; Vicksburg & M. R. v. O'Brien, 119 U. S. 99; Durkee v. Central, 69 Cal. 533; Patterson v. Wabash, 54 Mich. 91; Adams v. Hannibal, 74 Mo. 553; Atchison, T. & S. F. R. Co. v. Parker, 55 Fed. 595.

Defendant was not bound to notify plaintiff of the proposed diversion. Failure to notify him was not the proximate cause of the illness. The exposure was an independent event proximately causing the injury. Chicago v. Bell, 1 Kan. App. 71. See also Chicago, St. P., M. & O. Ry. Co. v. Elliott, 55 Fed. 949; Francis v. St. Louis, 5 Mo. App. 7; Daniels v. Ballantine, 23 Oh. St. 532; Lewis v. Flint, 54 Mich. 55; Pullman v. Barker, 4 Colo. 344; Tisdale v. Inhabitants, 8 Met. 388; Barkley v. Missouri, 96 Mo. 367; Patton v. East Tennessee, 89 Tenn. 370; Texas v. Doherty (Tex. App.) 15 S. W. 44; Jackson v. Nashville, 13 Lea, 491; Scheffer v. Railroad Co., 105 U. S. 249. Defendant was bound to use only ordinary care in respect to heating. Kelly v. Manhattan, 112 N. Y. 443; Palmer v. Pennsylvania, 111 N. Y. 488; Moreland v. Boston, 141 Mass. 31; Morris v. New York, 106 N. Y. 678; Conroy v. Chicago, 96 Wis. 243. The burden of proving negligence rested on plaintiff. Choate v. San Antonio, 90 Tex. 82; Stewart v. Boston, 146 Mass. 605; Texas v. Overall, 82 Tex. 247; Kelly v. Manhattan, supra; Mitchell v. Chicago, 51 Mich. 236. Plaintiff assumed the risk incident to riding on the freight

train. Schilling v. Winona & St. P. R. Co., 66 Minn. 252; Omaha v. Crow, 47 Neb. 84; Sellars v. Richmond, 94 N. C. 654. There is no evidence that plaintiff was exposed to extra risk to health. The exposure is not shown to have caused his illness. Even if the exposure was due to defendant's negligence, it is not liable unless the exposure caused the injury. Larson v. St. Paul & D. R. Co., 43 Minn. 488; Denver v. Pilgrim, 9 Colo. App. 86; Bajus v. Syracuse, 103 N. Y. 312; Clifford v. Denver, 9 Colo. 333; Chrystal v. Troy, 124 N. Y. 519; Pullman v. Barker, supra; Louisville v. Yniestra, 21 Fla. 700; Moore v. Edison, 43 La. An. 792; Kitteringham v. Sioux City, 62 Iowa, 285. The complaints made to defendant's servants did not affect its duty. Pullman v. Barker, supra; New Orleans v. Statham, 42 Miss. 607, 613; Hobbs v. London, L. R. 10 Q. B. 111; Grippen v. New York, 40 N. Y. 34. The discomforts and dangers incident to travel by freight train are greater than by passenger train, and call for greater care on the part of the passenger. Harris v. Hannibal, 89 Mo. 233; Little Rock v. Cavenesse, 48 Ark. 106.

*O. J. Cook,* for respondent.

CANTY, J.

In the winter of 1897 plaintiff was the foreman of a large farm near Kelso, North Dakota. On February 9 of that year he loaded a car load of his employer's stock into one of defendant's cars at Kelso, shipped the stock to South St. Paul, in this state, and, under the contract of shipment, rode in the caboose of the freight train to look after the stock. When the train arrived at Moorhead, the crew were ordered to take the engine, caboose, and a gang of shovelers, and go up on a branch line to relieve another train that was snowbound at a place five miles distant from Moorhead. Plaintiff claims that at this time he was asleep in the caboose, and was taken off on this side trip without his knowledge or consent; that during the trip the shovelers got out of the caboose many times to shovel snow, and returned each time; that, when the men returned, the train would move along until again blocked with snow, when the shovelers would again go out and shovel snow, and again return; that while they were thus going in and out, each time, the doors

of the caboose were left open; and that by reason thereof plaintiff caught cold, and contracted inflammatory rheumatism.

The engine and caboose left Moorhead about five o'clock in the evening, and it took about four hours to make the trip and return to Moorhead. By this time, plaintiff was stiff with the rheumatism. The train then proceeded on its journey, and on arriving at Barnesville, at twelve or one o'clock that night, plaintiff was so stiff that he had to have assistance in putting on his coat. He remained there all night, had to be assisted in returning to the train next morning, and assisted into the caboose, and had to be assisted out of the caboose and carried to the hotel at Alexandria at noon. He took the passenger train at midnight the next night, arrived in St. Paul next morning, and was taken to the hospital, where he remained until the 20th of the following April, suffering with inflammatory rheumatism. He claims that the inflammatory rheumatism was caused by the exposure he suffered on the side trip; that defendant was negligent in taking him off on that side trip and so exposing him; and he brought this action to recover damages for such injury. On the trial he had a verdict. A motion for a new trial was made and denied, and defendant appeals from the judgment.

On the trial, plaintiff introduced evidence tending to prove the foregoing facts. Defendant introduced evidence tending to prove that plaintiff had been treated for inflammatory rheumatism several years prior to this time, that he complained of not feeling well when he came to the depot at Kelso to make this trip, and that during the trip from Kelso to Moorhead he complained of feeling ill, and of having pains in his back, held his hand on his back, and walked lame and in a stooping position. Plaintiff denied all of this. During the side trip from Moorhead, there was a hot fire in the stove in the caboose, and the car was warm, except when the shovelers kept the doors open when going in and out of the car; and plaintiff had two overcoats with him, one of them being a fur coat. Four physicians testified on behalf of plaintiff, and one on behalf of defendant; but no one of them states whether or not, in his opinion, the exposure of plaintiff on the side trip was the cause of the rheumatism, or whether such exposure would be likely to

cause inflammatory rheumatism. Two of them testified that inflammatory rheumatism is a blood disease, and Dr. Senkler testified as follows:

"Q. Is inflammatory rheumatism a blood disease? A. We only guess at it. We don't know. Q. Well, that is the best medical opinion on that subject? A. It is too varied to express an opinion. Q. What do you consider it, doctor? A. I haven't absolutely made up my mind, to be plain."

Appellant contends that there is no evidence to sustain the verdict, for the reason that it does not appear that the exposure caused the rheumatism. We are of the opinion that it is a matter of common knowledge that exposure to cold is likely to cause inflammatory rheumatism in a person who is susceptible to that disease, and therefore the evidence was sufficient to take the case to the jury, even though there was no expert evidence tending to prove that the exposure was the inducing cause of the rheumatism. We are also of the opinion that on the question of defendant's negligence the evidence is sufficient to sustain a verdict for plaintiff.

2. Against the objection and exception of defendant, plaintiff was allowed to prove that after he had taken the side trip and returned to Moorhead, and the train had again started on its regular trip for St. Paul, he asked the conductor why he (plaintiff) was not told to get off at Moorhead before the train started on the side trip to relieve the other train, and that the conductor answered that he forgot all about it, that he was so busy that he overlooked it, and that he was sorry. In our opinion, the admission of this evidence was error. These admissions were not a part of the res gestæ, and it cannot be presumed that the conductor had authority to make them. No such authority is implied from the fact that he held the position of conductor. Mobile v. Ashcraft, 48 Ala. 15; East Tennessee v. Maloy, 77 Ga. 237, 2 S. E. 941.

"An authority to make an admission is not necessarily to be implied from an authority previously given in respect to the thing to which the admission relates." 1 Greenleaf, Ev. § 114; 1 Am. & Eng. Enc. (2d Ed.) 693, note. See also Id, 697, note; Halverson v. Chicago, M. & St. P. R. Co., 57 Minn. 142, 58 N. W. 871.

Respondent's position on this point is that the evidence as to the

conductor's admissions was competent on rebuttal. Respondent concedes that it was admitted out of order, but claims that the error in admitting it was cured by reason of the fact that the conductor subsequently testified in the case, and the evidence in question was competent to impeach him. We cannot agree with respondent, for at least three reasons: (1) The conductor never testified to anything which would make his alleged admission competent as impeaching evidence; (2) no foundation was ever laid for introducing the alleged admissions, by asking him if he ever made them; and (3) even if he had so testified, and the foundation had been so laid, it would not cure the error which the court committed.

The erroneous evidence was admitted, not for the purpose of impeachment, but as substantive evidence for all purposes; and, even if the evidence afterwards became material as impeaching evidence, the error would not be cured, unless the court charged the jury that they should consider it only for the purpose of impeachment. Neither would the appellant be obliged to ask the court so to charge the jury. The court had already made a direct and explicit ruling that the evidence was competent, not as impeaching, but as substantive, evidence in the case, and appellant would not, in order to save his rights, be obliged to get the court to repeat the ruling by refusing to charge the jury to the contrary. See Southerland v. Wilmington, 106 N. C. 100, 11 S. E. 189. For this error the judgment must be reversed.

3. Appellant offered to prove by the conductor and brakeman that, before taking the side trip from Moorhead, the former ordered the latter to notify plaintiff that the caboose would be taken off on such trip. In our opinion, the exclusion of the evidence so offered is error without prejudice, for the reason that the brakeman testified that he did so notify plaintiff, but the latter refused to leave the train. It was, in our opinion, within the scope of the brakeman's duty to so notify plaintiff, without any special direction from the conductor to do so.

We find no other error in the record.

Judgment reversed, and a new trial granted.