## EMMA PATZKE v. MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.[1]

January 6, 1911.

Nos. 16,805—(153).

**New trial — evidence.**

> In this, a personal injury action, the plaintiff had a verdict for $15,000. *Held*, that the trial judge did not abuse his discretion in denying the defendant's motion for a new trial, on the ground that the verdict was not sustained by the evidence and that the damages were excessive.

Action in the district court for Carver county to recover $15,000 for personal injuries and $500 on account of expenses incurred thereby. The facts are stated in the opinion. The case was tried before Morrison, J., and a jury which returned a verdict in favor of plaintiff for $15,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*W. H. Bremner* and *George W. Seevers,* for appellant.

*Thos. F. Craven* and *W. C. Odell,* for respondent.

[1]Reported in 129 N. W. 124.

START, C. J.

On October 11, 1907, about ten o'clock in the morning, the plaintiff was a passenger upon one of the defendant's railway trains from Chaska to Merriam Junction, and was seriously injured in alighting from the train at her destination. This action was brought in the district court of the county of Carver to recover damages for the injuries so sustained, on the alleged ground that the defendant negligently failed to stop the train a sufficient length of time to enable her to alight safely therefrom, but that, on the contrary, it started the train suddenly, without warning, while she was in the act of stepping from the platform of her car, whereby she was thrown from the car. The defendant by its answer denied any negligence on its part, and alleged that the plaintiff's injuries were the result of her own negligence.

The result of the first trial of the action was a verdict for the plaintiff for $7,500, which was set aside and a new trial granted by the trial court. On the second trial there was a verdict for the plaintiff for $12,000, and defendant appealed from an order denying its blended motion for judgment or a new trial. This court ordered a new trial, on the ground that the testimony of the plaintiff as to the way she was injured was practically uncorroborated and so manifestly against the great preponderance of the evidence that it was an abuse of discretion to deny the motion for a new trial. See 109 Minn. 97, 123 N. W. 57. Upon a third trial of the case a verdict was returned for the plaintiff for $15,000, and the defendant appealed from an order denying its motion for judgment or a new trial.

The assignments of error raise the general question whether the verdict is sustained by the evidence. It is not a case where the record discloses no evidence tending to support the verdict; hence the defendant is not in any event entitled to judgment notwithstanding the verdict. The question in its last analysis is whether the verdict is so obviously and palpably against the great weight of the evidence that it was an abuse of discretion on the part of the trial judge not to grant the defendant a fourth trial.

It appears from the record in this court on the first appeal that

the plaintiff testified that she did not attempt to leave the car until it stopped at the station platform; that a man and a woman, she did not then know where they lived, went down the car steps ahead of her; that she followed them, but the car started while she was going down the steps and threw her down. The persons who preceded her were not called as witnesses on the second trial, and the result was that the plaintiff's testimony as to the details of the accident was practically uncorroborated, a circumstance to which we gave much importance on the first appeal. In this respect the evidence was materially different on the third trial.

The plaintiff on that trial testified, in reference to the way in which she was injured, substantially the same as on the second trial, and to the effect following: That when the station was called and the car door opened, she gathered up her packages and started to leave the car; that a man and woman (Mr. Norris and his sister, Mrs. Gilbert) went ahead of her, and she followed them; that they went down the platform steps before she did; that the car was standing still when she attempted to get off the car; that in doing so she took hold of the handrail with her left hand, her packages being in her right, and as she was about to step on the station platform the train suddenly started and she fell off. Mr. Norris and Mrs. Gilbert were witnesses on the last trial, and testified to the effect that they were on the train and in the same car with the plaintiff; that they did not leave the train until it stopped at the station platform; that when the station was reached the plaintiff arose in her seat with her packages in her hands and stepped into the aisle, then stepped back, and they passed out ahead of her, and went out of the car and upon the station platform; that they did not see her when she fell from the car, nor after they passed her, but on their way to the waiting room of the depot Mrs. Gilbert's attention, as she testified, was arrested by a noise, and she walked back a few steps, and saw some men carrying the plaintiff, and she followed them into the depot; and that the plaintiff was crying hard and seemed to be in pain.

We find nothing in the testimony of either Mr. Norris or Mrs.

Gilbert inherently improbable or suggestive of a purpose to testify falsely. Nevertheless they may have been mistaken.

It was the contention of the defendant on the trial that the plaintiff walked off the car before it stopped, and at a point several hundred feet from the station platform, and at a time when the train was going some eighteen miles an hour. This claim was directly supported by the testimony of three eyewitnesses, who testified, in effect, that they saw the plaintiff walk off the car under the conditions claimed. The testimony of the eyewitnesses was corroborated in a greater or less degree by some seven other witnesses, who testified to matters tending to show that the plaintiff could not have been injured as claimed. Counsel for the defendant here urges that the testimony of the plaintiff as to the manner in which the accident occurred is incredible, and that the only evidence in the record to support her claim is her own testimony. If the record justifies this sweeping claim, then we would have practically the same question which we had on the first appeal. The record, however, does not justify the claim.

It was a fair question for the jury whether plaintiff's testimony as to the manner of her injury was incredible. The claim that the plaintiff's testimony was not corroborated by that of Mr. Norris and his sister is supported by an ingenious and able argument; but a careful reading of their testimony clearly indicates that the claim is without merit. It is an admitted fact in the case that the plaintiff was injured in attempting to alight from the train. But one of the controlling questions is whether she attempted to do so after the train stopped at the station platform, as she testified, or whether she made the attempt before the train reached the platform and while it was going at the rate of speed claimed, as testified to by the eyewitnesses. The testimony of Mr. Norris and Mrs. Gilbert directly tends to corroborate the plaintiff. It is true they did not see her after they passed her in the aisle of the car on their way out and before the accident; but they did not leave the car until the train reached the station platform and stopped to discharge passengers. If they were not mistaken in their testimony, then the plaintiff did

not attempt to alight from the car while it was moving, or before it stopped at the station platform. It follows that their testimony corroborates the plaintiff, and that it conflicts in this respect with the eyewitnesses, and that it was a question for the jury to determine who of the witnesses were mistaken and what was the truth in the premises.

While the evidence makes the case a perplexing one, we are of the opinion, based upon a consideration of the entire record, that the verdict on the last trial is not so obviously against the weight of the evidence that it was an abuse of discretion for the trial judge to deny defendant's motion for a new trial. On the contrary, we are of the opinion that he properly exercised his discretion, in view of the result of three trials of the action.

In reaching this conclusion, we have not overlooked other points urged in defendant's brief, nor its claim that the damages are excessive. The undisputed evidence shows that the plaintiff was at the time of her injury a young woman some twenty years of age, and in fair health; that by reason of injuries to her arm, hip, which is paralyzed, leg, and other parts of her body, due to the accident, she has ever since been unable to stand on her feet, or walk, even with crutches, and has to be carried from her bed to a chair and back again; that there is little or no probability that she will ever recover; and that so long as she may live she will be a helpless and hopeless cripple. We are of the opinion that the award of damages is only fairly compensatory.

Order affirmed.

SIMPSON, J., took no part.