## ELLEN McDONNELL v. THE ST. PAUL UNION DEPOT COMPANY AND ANOTHER.[1]

November 2, 1923.

No. 23,634.

**Reasonable care for safety of passengers required of common carrier at stations.**

1. A common carrier, in the construction and maintenance of depots and conveniences and facilities therein, is only required to exercise reasonable care for the safety of its passengers, invitees or licensees.

**Defect in temporary stairway at station unimportant.**

2. An alleged defect in a step of a temporary stairway examined and held to be so slight and so free from any possibility of tripping, catching or interfering with persons passing over it that the court rightly *held* that no charge of negligence could be based thereon.

[1]Reported in 195 N. W. 538.

Action in the district court for Ramsey county to recover $15,000 for personal injuries. The case was tried before Sanborn, J., who at the close of the testimony granted defendants' motion for a directed verdict. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*F. D. Larrabee*, for appellant.

*F. W. Root, C. O. Newcomb* and *A. C. Erdall*, for respondent.

HOLT, J.

Plaintiff, a lady about 50 years old, entered the Union depot, in St. Paul, to take the train for Prior Lake to attend a funeral. A short time before the departure of her train she and others of her party undertook to descend to the train by the stairway instead of by elevator. During the many years the new Union depot has been in process of construction, temporary wooden stairways have been provided in addition to elevators for the use of travelers in passing from the depot to the trains. Plaintiff, in descending a section of a stairway, fell when 2 or 3 steps from the bottom thereof, and sustained a serious injury. She sues the St. Paul Union Depot Company, and the railroad company upon whose train she intended to take passage, for damages, alleging as a cause of her fall a defect in the third step negligently permitted to exist by defendants. The court directed a verdict in favor of defendants, and plaintiff appeals from the order denying a new trial.

There is much force in the trial court's position that the evidence left it so conjectual and uncertain that the defect in the step caused plaintiff's fall that no verdict could rest thereon. But we shall not undertake to state or discuss the testimony on that feature of the case, since we dispose of the appeal upon the ground that the alleged defect is not such that a person of ordinary prudence could anticipate that its presence in the step might cause or contribute to any injury or accident.

The step in question is a fir plank 10 feet long, 12 inches wide, and nearly 2 inches thick. Near the middle and about 2 inches from the front edge of the step a depression begins that runs about 4 inches toward the rear edge. Its greatest width is less than 3

inches, and greatest depth a quarter of an inch. The depression appears to have resulted from a short curve in the grain of the wood which caused the saw to loosen or tear out a piece as the plank was being cut. It is a rounded depression, not abrupt or likely to catch a heel or toe. . It is not possible to step on it so as to give the feeling to a person wearing an ordinary shoe that his footing is affected, or so that the depression may be noticeable at all. Plaintiff was wearing rubbers over low-heeled shoes.

Some consideration must be given to the fact that this stairway and step were intended as temporary. Defendants were not charged with the duty of providing steps of the most perfect design or workmanship. The high degree of care required of a common carrier for the safety of a passenger during the actual transportation is not demanded while the passenger is in or about the depot going to or coming from trains. The authorities are well nigh unanimous that as to stairways, floors and conveniences in and about a railway depot or station, provided by a common carrier, its duty towards passengers and other invitees or licensees thereon is discharged when reasonable or ordinary care to make them safe for the purposes intended has been exercised in their construction and maintenance. Hull v. Minneapolis, St. Paul & S. S. M. Ry. Co. 116 Minn. 349, 353, 133 N. W. 852; 10 C. J. § 1341.

This plank was level, wide, stout, sound and fully adequate as a step. The only defect therein was the one mentioned. On either side its length and width the depression is gradual and the bottom thereof concave. The step was produced at the trial and in this court, and shows that, with foot wear such as plaintiff had at the time she fell, it is impossible to place the foot so that she could have even felt the depression, let along the possibility of catching therein. We think it impossible even for the wearer of shoes with the typical French heel, with its abrupt flare at the bottom to, in any manner, find a place to catch or hook on in this depression, so slight that at its greatest depth it measures scarcely one-fourth of an inch. The defect complained of, in this temporary stairway, is so devoid of the possibility of tripping, catching or interfering with persons passing

over it that a court could not permit a verdict finding negligence to be based thereon.

This conclusion requires an affirmance, without considering the proposition that the testimony is too conjectual that plaintiff was anywhere near this so-called defect when she lost her balance, and also the legal question raised by defendants that plaintiff was traveling on a pass containing a waiver of all claim for damages.

The learned court below correctly disposed of the case.

Order affirmed.

Mr. Justice Stone did not sit in the case, having been of counsel.