## MARGARET CARROLL v. ST. PAUL UNION DEPOT COMPANY AND ANOTHER.[1]

June 26, 1925.

No. 24,685.

**Degree of care due from carrier to disabled passenger who boards train.**

1. The duty of a carrier to a disabled passenger of whose disability it has knowledge, who has to be assisted upon the train, is that of care reasonably necessary for the passenger's safety in view of his condition.

**Negligence of porter or redcap question for jury.**

2. Whether the porter or redcap who helped the plaintiff, a disabled passenger, upon a passenger coach, by carrying her upon his back, was negligent, was for the jury.

1. See Carriers, 10 C. J. p. 898, § 1330.
2. See Carriers, 10 C. J. p. 1070, § 1457.


Action in the district court for Ramsey county to recover for personal injuries. The case was tried before John B. Sanborn, J., who directed a verdict in favor of defendant. Plaintiff appealed from an order denying her motion for a new trial. Reversed.

*Herbert P. Keller, Bruce J. Broady* and *George G. Chapin,* for appellant.

*John E. Palmer* and *L. K. Eaton,* for respondents.

[1]Reported in 204 N. W. 470.

DIBELL, J.

Action to recover for personal injuries. At the close of the testimony the court directed a verdict for the defendant. The plaintiff appeals from the order denying her motion for a new trial.

1. The plaintiff, a disabled person, took passage on a Soo Line train in the Union Depot at St. Paul. In Croom v. C. M. & St. P. Ry. Co. 52 Minn. 296, 298, 53 N. W. 1128, 1129, 18 L. R. A. 602, 38 Am. St. 557, the court stated the rule of care devolving upon a carrier of a disabled passenger as follows:

"Of course, a railroad company is not bound to turn its cars into nurseries or hospitals, or its employes into nurses. If a passenger, because of extreme youth or old age, or any mental or physical infirmities, is unable to take care of himself, he ought to be provided with an attendant to take care of him. But if the company voluntarily accepts a person as a passenger, without an attendant, whose inability to care for himself is apparent or made known to its servants, and renders special care and assistance necessary, the company is negligent if such assistance is not afforded. In such case it must exercise the degree of care commensurate with the responsibility which it has thus voluntarily assumed, and that care must be such as is reasonably necessary to insure the safety of the passenger in view of his mental and physical condition."

This rule is in accord with the authorities. Mercer v. Cincinnati R. Co. 151 Mich. 566, 115 N. W. 733; Burke v. C. & N. W. R. Co. 108 Ill. App. 565; Gulf, C. & S. F. Ry. Co. v. Redeker, 45 Tex. Civ. App. 312, 100 S. W. 362; 2 Moore, Carriers (2d ed.) 1245; 2 Hutchinson, Carriers (3d ed.) § 992; 4 R. C. L. 1161; 10 C. J. 897; note 26 L. R. A. (N. S.) 171.

2. The plaintiff sustained a pelvic fracture a few days prior to Christmas, 1923, and was brought from her home in Wisconsin to the Bethesda hospital in St. Paul for treatment. On January 19, 1924, she returned home. She was taken from the hospital to the depot in a taxi. She got into the taxi, with the assistance of the nurses and her daughter, by being eased out of a wheel-chair onto the foot-board, and finally working up to the seat, without using

her feet.	At the depot a porter or redcap was called.	She was put in a wheel-chair and taken to her car.	Here the trouble begins.

The plaintiff insists that the redcap, against her protest and resistance, took her from the wheel-chair upon his back and carried her up the steps and left her inside the car, and that as a result a rib was broken.	Too much emphasis is placed upon the contention that the plaintiff, protesting and resisting, was taken and carried upon the redcap's back.	Evidently she wanted to direct the procedure; but it is hardly possible that the redcap took her upon his back against her active resistance.	She may have protested that she had a better way, but she must have acquiesced—at least not have resisted physically.	This claim is not the real gist of her cause of action.	Whether the redcap should have adopted the method he used or, adopting it, whether he exercised the requisite care, was for the jury.	The redcap knew that she was disabled.	She told him that she had a broken bone and could not stand on her feet or walk. She at some time sustained a fractured rib.	The testimony would justify well enough a finding that it occurred before, perhaps at the time of the pelvic fracture.	There was evidence of suffering coincident with or immediately following the porter taking her into the car; that she suffered pains in the chest which her local doctor ascribed to a cold; and that upon an X-ray being taken some days later a fractured rib was discovered.

The claims of the plaintiff were denied by the porter and others. A verdict for the defendant would be sustained; but the question of negligence resulting in an injury was for the jury.

Order reversed.