FRANK HOLDYS v. SWIFT AND COMPANY AND ANOTHER.[1]

November 6, 1936.

No. 31,001.

*Grannis & Grannis,* for appellants.
*Lewis E. Lohmann,* for respondent.

STONE, JUSTICE.

After a verdict for plaintiff, defendants appeal from the order denying their alternative motion for judgment notwithstanding or a new trial.

As an employe of defendant Swift and Company and a member in good standing of its codefendant, Swift & Company Employes Benefit Association, plaintiff sues to recover a disability benefit because of an accident suffered by him February 27, 1935. The amount involved was liquidated by stipulation at $312. The only defense was based upon a rule of the benefit association that "benefits shall not be payable for disability, directly, indirectly, or partly due to intoxication, or to use of alcoholic liquors as a beverage, or to immoderate use of stimulants or narcotics."

To us the conclusion is inescapable, on the evidence, that plaintiff suffered his injury because of his intoxication. Drunkenness

[1]Reported in 269 N. W. 468.

is established by the testimony of three disinterested witnesses and by the fact that plaintiff, the "morning after," pleaded guilty to having been drunk. To go further into the evidence would serve no useful purpose. To us the verdict was so manifestly and palpably against the weight of the evidence that we are constrained to reverse the order under review and send the case back for a new trial. However, much as the interests of justice might be served thereby, the case is not one where we are at liberty to order the entry of judgment notwithstanding the verdict.

There was an error in the charge which did not help the defendants. The jury was instructed that plaintiff's plea of guilty of drunkenness was "not a material thing but merely an item of evidence in the whole case." That was not a correct statement. The plea, as an admission, was not only "an item of evidence" but a very material one. It was error to instruct the jury otherwise.

The order under review is reversed.