ADELAIDE BENSON v. NORTHLAND TRANSPORTATION COMPANY AND OTHERS.
MINNEAPOLIS MOTOR BUS TERMINAL COMPANY, APPELLANT.[1]

July 9, 1937.

No. 31,261.

[1]Reported in 274 N. W. 532.

*Snyder, Gale & Richards,* for appellant.
*Murphy, Johanson & Winter,* for respondent.

PETERSON, JUSTICE.

Plaintiff had a verdict for personal injuries alleged to have been caused by being pushed off a loading platform in defendant's bus depot in Minneapolis while she was standing on the platform waiting to get on a bus on which she had taken passage to Alexandria, Minnesota.

Defendant claims that the verdict is not sustained by the evidence and is contrary to law. Plaintiff at the time of the accident was 77 years old and walked with the aid of a cane. She and a woman companion, 79 years old, purchased their tickets for the trip from Minneapolis to Alexandria and followed a porter employed by defendant, who carried their baggage, out of the waiting room to the loading platform, to get on the bus. Some 20 or 30 people were out there to get on the same bus.

Plaintiff's version of the accident is that she was crowded over to the edge of the platform by this crowd of people who were pushing and jostling in their efforts to get on the bus. The platform was about six and one-half inches high. While she was standing on the edge of the platform, one of defendant's porters came along with four or five parcels or articles of baggage, two of which he carried under his arms and the others in his hands, and crowded through the people on the platform and against plaintiff and pushed her off the platform so that she fell on the floor in the adjoining bus stall. As a result of the fall plaintiff sustained a fracture of her hip and other severe injuries, from which she was confined in the hospital for over five months. Defendant's version is that plain-

tiff was not pushed off the platform but that, on the contrary, her fall was caused by her own act.

Plaintiff based her right of recovery solely on the negligence of the porter in pushing her so as to cause her to fall off the platform. She claims that he pushed her in going through the crowd carrying baggage under his arms and that this push caused her to fall. A party may be held liable for injuries caused by failing to exercise reasonable care in respect to the safety of a person to whom he owes the duty to exercise such care. In Feeney v. Mehlinger, 136 Minn. 42, 161 N. W. 220, L. R. A. 1917E, 271, it was held that while a saloonkeeper may eject a drunken customer from his saloon, he must exercise due care for the safety of persons on the street, and if he negligently ejects the drunken customer so as to cause him to fall against a person on the sidewalk, he is liable for injury caused by such negligence. Plaintiff does not claim any intentional tort or that there was an assault and battery resulting from any intentional invasion of the right to the security of her person. See Whittaker v. Stangvick, 100 Minn. 386, 389, 111 N. W. 295, 296, 10 L.R.A.(N.S.) 921, 117 A. S. R. 703, 10 Ann. Cas. 528, in which the statement by Lord Holt in Ashby v. White, 2 Lord Raym. 938, 1 Smith's Lead. Cas. 268, is quoted: "If a man gives another a cuff on the ear, though it cost him nothing, no not so much as a little diachylon, yet he shall have his action; for it is a personal injury." 4 Am. Jur. p. 124, § 2; Restatement, Torts, § 13. Nor did she claim at the trial any negligence in respect to the construction and maintenance of the bus depot, although the complaint charged negligence in respect to both of these matters. Plaintiff does not claim that the injury was caused by the crowd, then about to board the same bus, in pushing and jostling her so as to cause her fall. Such a claim was made in Shepley v. Minneapolis Motor Bus Terminal Co. 180 Minn. 84, 230 N. W. 264, in which an attempt was made to charge the bus company for negligently permitting a crowd of passengers to push the plaintiff. Here plaintiff seeks to charge defendant with liability solely because of the negligent act of one of its employes in pushing her off the platform.

Plaintiff was a passenger at the time of the accident. A common carrier is required to exercise reasonable care not to injure a passenger while in the depot or station waiting to depart on a train or bus. Hull v. M. St. P. & S. S. M. Ry. Co. 116 Minn. 349, 133 N. W. 852; McDonnell v. St. Paul Union Depot Co. 157 Minn. 66, 195 N. W. 538. See Rosted v. G. N. Ry. Co. 76 Minn. 123, 78 N. W. 971. A carrier is liable for the negligence of its employes, in the performance of their duties, in jostling, pushing, falling upon, or stumbling against passengers. In Mangum v. North Carolina R. Co. 145 N. C. 152, 58 S. E. 913, 122 A. S. R. 437, 13 L.R.A. (N.S.) 589, the facts are like those in the instant case. A newspaper porter negligently pushed a truck against a passenger waiting on a platform to board a train, and the carrier was held liable to the passenger for injuries caused by the porter's negligence. The case cannot be distinguished from the instant one. Other similar instances in which a carrier has been held liable to a passenger for injuries caused by the negligence of its employes are Whalen v. Consolidated Traction Co. 61 N. J. L. 606, 40 A. 645, 41 L. R. A. 836, 68 A. S. R. 723 (negligence of conductor stumbling against a passenger while collecting fares); Spinney v. Boston Elevated Ry. Co. 188 Mass. 30, 73 N. E. 1021 (negligence of conductor in falling against passenger); Commonwealth v. Brockton St. Ry. Co. 143 Mass. 501, 10 N. E. 506 (negligence of a driver of a streetcar in knocking a passenger off a platform after having given the reins to the driver who relieved him); Louisville & N. R. Co. v. Kelly, 92 Ind. 371, 47 Am. R. 149 (brakeman negligently jostling a passenger from a train while passing from one car to another to find a seat); St. Louis & S. F. Ry. Co. v. Trice, 202 Ala. 352, 80 S. 434 (flagman negligently shoved passenger against car step while helping passenger board train). In Gray v. Boston & Maine Railroad, 168 Mass. 20, 46 N. E. 397, cited in Feeney v. Mehlinger, 136 Minn. 42, 44, 161 N. W. 220, a carrier was held liable for injuries sustained by plaintiff while entering its station for the purpose of taking a train, by being struck and knocked down by the negligent act of defendant's servant in ejecting a drunken man from the station. Liability was imposed solely because of the negligence of

defendant's servant in ejecting the drunken man from the depot. In Carpenter v. Boston & Albany R. Co. 97 N. Y. 494, 49 Am. R. 540, a carrier was held liable for the act of a postal clerk on a mail car attached to a train in throwing some bags of mail from the mail car at the depot in such a manner as to strike and injure plaintiff, who was then on the platform of the depot walking toward the passenger cars on which he was about to take passage. The act of the postal clerk was regarded as a violation of the carrier's duty to provide passengers a safe passage to the train. Under identical facts, we have applied the rule to licensees and invitees upon the premises. Galloway v. C. M. & St. P. Ry. Co. 56 Minn. 346, 57 N. W. 1058, 23 L. R. A. 442, 45 A. S. R. 468. See 3 Michie, Carriers, § 2610.

It appears without dispute that plaintiff at the time of the accident was 77 years old and was walking with a cane. The porter knew her condition. The degree of care to be exercised in the case of persons under physical or mental disability is that which is reasonably necessary for the safety of such person in view of his condition. Croom v. C. M. & St. P. Ry. Co. 52 Minn. 296, 53 N. W. 1128, 18 L. R. A. 602, 38 A. S. R. 557; Carroll v. St. Paul Union Depot Co. 164 Minn. 28, 204 N. W. 470.

Defendant contends that a new trial should have been granted because plaintiff failed to establish the manner in which the accident occurred, claiming that her evidence was *in equilibrio,* citing Swenson v. Erlandson, 86 Minn. 263, 90 N. W. 534; McNamee v. Hines, 150 Minn. 97, 184 N. W. 675; Alling v. N. W. Bell Tel. Co. 156 Minn. 60, 194 N. W. 313; Schendel v. C. M. & St. P. Ry. Co. 165 Minn. 223, 206 N. W. 436, and Maher v. Duluth Yellow Cab Co. 172 Minn. 439, 215 N. W. 678. These cases hold that the evidence is *in equilibrio* if plaintiff's case presents two or more possibilities or theories as to the manner in which the accident occurred, on one of which defendant is liable, on the other not. A plaintiff cannot recover when the evidence is *in equilibrio,* because the burden of proof is on the plaintiff. If the evidence is *in equilibrio* it cannot be said to preponderate in plaintiff's favor, and therefore he has failed to sustain the burden of proof which is upon him. In

other words, the plaintiff's proof fails to show the cause of the accident. It leaves the cause in conjecture and speculation as between different probabilities and possibilities. The rule has no application here because plaintiff advanced only one theory as to how the accident occurred. She testified positively that the porter pushed her and caused her to fall. She did not advance two different theories or possibilities upon which to predicate liability, under one of which defendant would be liable and under the other not. She advanced only one theory of liability, and there were no contending theories, possibilities, or probabilities which weighed equally against and for the defendant. The fact that defendant denied plaintiff's version of the accident and produced evidence that it did not happen in the manner claimed by plaintiff does not make the evidence *in equilibrio*. All the evidence made a question for the jury as to whose version it would adopt. A plaintiff, at the beginning, must establish the truth of his averments by evidence, competent and sufficient, if uncontradicted. If his evidence is contradicted, the issue is for the jury. Stearns v. Field, 90 N. Y. 640; 23 C. J. p. 14, § 1745, note 60.

■ It is urged that the verdict is against the weight of the evidence in that plaintiff's case rests upon her own testimony while the defense is established by five witnesses. The number of witnesses does not establish the weight of the evidence, for "weight of evidence is not a question of mathematics, but depends on its effect in inducing belief," Braunschweiger v. Waits, 179 Pa. 47, 51, 36 A. 155, 156. The cases are reviewed and discussed in 4 Wigmore, Evidence (2 ed.) p. 309, § 2034, in which the author states: "In general, the testimony of a single witness, no matter what the issue or who the person, may legally suffice as evidence upon which the jury may found a verdict." This is the rule in Minnesota. Colvill v. St. P. & C. Ry. Co. 19 Minn. 240 (283); Farrell v. St. P. & N. P. Ry. Co. 38 Minn. 394, 38 N. W. 100; State v. Nestaval, 72 Minn. 415, 75 N. W. 725; Patzke v. M. & St. L. Ry. Co. 113 Minn. 168, 129 N. W. 124; and in other jurisdictions: Braunschweiger v. Waits, 179 Pa. 47, 36 A. 155; O'Farrell v. Mawson, 320 Pa. 316, 182 A. 538; Indianapolis St. Ry. Co. v. Johnson, 163 Ind. 518, 72 N. E.

571; Buchel v. Williams, 273 Mich. 132, 262 N. W. 759; St. L. & O'F. Ry. Co. v. Union T. & S. Bank, 209 Ill. 457, 70 N. E. 651; Jewell v. Janes, 238 Ky. 63, 36 S. W. (2d) 875; Holm v. City of Seattle, 159 Wash. 618, 294 P. 261; Wallace v. Wallace, 85 Mont. 492, 279 P. 374, 66 A. L. R. 587. In Fengar v. Brown, 57 Conn. 60, 65, 17 A. 321, 323, holding that the testimony of one witness may establish a preponderance of the evidence, it is said: "Evidence is to be measured by weight and not by tale." In our own cases of State v. Nestaval, 72 Minn. 415, 75 N. W. 725, and State v. Schmidt, 155 Minn. 440, 444, 193 N. W. 954, we held that a case is to be decided according to the weight of the evidence and not by a count of the witnesses.

Defendant relies upon Messenger v. St. Paul City Ry. Co. 77 Minn. 34, 79 N. W. 583, 584; Peterson v. C. G. W. Ry. Co. 106 Minn. 245, 118 N. W. 1016; Hill v. Jones, 109 Minn. 370, 123 N. W. 927, 18 Ann. Cas. 359; Kling v. Thompson-McDonald Lbr. Co. 127 Minn. 468, 149 N. W. 947; and Holdys v. Swift & Co. 198 Minn. 258, 269 N. W. 468. These cases are not applicable. They are distinguishable because in each of them the plaintiff was impeached to such an extent that his testimony appeared so improbable in the light of admitted facts and circumstances and other evidence that the weight of the evidence was clearly against plaintiff. Thus, in Messenger v. St. Paul City Ry. Co. 77 Minn. 34, 37, 79 N. W. 583, the plaintiff did not testify how the accident happened but claimed that she was precipitated sideways out of a car, through the open gates "as if shot from a gun." She did not explain how this happened. Three eyewitnesses said that she stepped off the car and fell. The court regarded plaintiff's story as so "highly improbable" that it had to be rejected, and with this eliminated there remained no evidence on which to sustain the verdict. In Holdys v. Swift & Co. 198 Minn. 258, 269 N. W. 468, it was claimed by plaintiff that he was not drunk, but three eyewitnesses testified that he was drunk, and plaintiff admitted that he had pleaded guilty in court to the offense of being drunk on the occasion referred to. In the case at bar plaintiff was not impeached at all. There was nothing improbable about her story. True, she was contradicted by five eyewit-

nesses. The testimony of some of these eyewitnesses is inherently improbable. The testimony of some of them was shown to be at variance in some particulars, and practically all of the witnesses differed among themselves as to how the accident happened. Furthermore, there were probabilities in favor of plaintiff's and against defendant's version as to the cause of the accident.

.Numerous considerations pertaining to the testimony of defendant's witnesses justified the jury in accepting plaintiff's and rejecting defendant's version of the accident. Defendant's witnesses contradicted each other. One said that plaintiff stepped from the platform; another that she fell without any reason; still another that she ran off the platform. Two witnesses testified that she walked straight out from the bus gate and fell forward on her knees. The testimony of the witness that she ran off the platform not only contradicts the other witnesses but is so improbable upon its face that the jury may well have rejected it, because all the evidence shows that plaintiff was an infirm woman, 77 years of age, who could not run and could walk only with the aid of a cane. Two of these witnesses testified that all the people who were about to get on the bus turned to the right after they came through the gate. The undisputed testimony is that if they had turned to the right they would have walked past the front of the bus and not out on the loading platform, which projects straight out from the gate. Some of defendant's witnesses were impeached. For example, the porter whom plaintiff claims pushed her off the platform testified that he left the baggage at the bus gate and did not go out through the crowd with the baggage under his arms. On cross-examination this porter testified that he left the baggage by the bus door, which was out on the loading platform, some distance from the gate where he said on direct examination he left the baggage. Other witnesses for defendant testified that this porter carried the baggage through the crowd, and some said he went around the crowd to the bus. There are other contradictions in the testimony of defendant's witnesses. It is improbable that plaintiff would have walked so as. to fall forward on her knees, and it is still more improbable, if she had fallen on her knees, that she

would have sustained the injuries which she admittedly did sustain. The medical testimony shows that plaintiff's knees were not marked or bruised or injured in any manner immediately after the accident. It does show, however, that her hip was broken and that her injuries were on that part of the body upon which she claims she fell. If she fell upon her knees, it is reasonable to infer that there would have been some injuries, marks, or bruises on her knees as a result of the fall. Fair-minded men might reasonably draw different conclusions from the evidence. Upon this conflicting evidence the question was for the jury. Rimmer v. Cohen, 172 Minn. 134, 215 N. W. 198; Hollander v. Dietrich, 181 Minn. 376, 232 N. W. 630; Peterson v. Miller, 182 Minn. 532, 235 N. W. 15; Harkness v. Zube, 182 Minn. 594, 235 N. W. 281; Eckhardt v. Hanson, 196 Minn. 270, 264 N. W. 776, 107 A. L. R. 1; Patzke v. M. & St. L. Ry. Co. 113 Minn. 168, 129 N. W. 124, and other cases cited *supra*.

■ It is claimed that the court erred in refusing to give two requested instructions. The first request was for an instruction that as to its floors, floor levels, and conveniences in and about the bus depot, provided by defendant for its passengers, defendant had discharged its duty when reasonable and ordinary care to make them safe for the purposes intended had been exercised in their construction and maintenance. The second requested instruction was that there was no evidence of any negligence on the part of defendant in the construction or maintenance of the bus station. It is conceded that the court correctly defined the issues submitted to the jury and the defendant's duty to exercise due care. The instructions given carefully limited the jury to a consideration of two issues, the negligence of the porter in pushing plaintiff and causing her to fall, and the contributory negligence, if any, of plaintiff. The court very carefully instructed the jury that these were the only two matters to be considered. Neither of the requested instructions was applicable to the issues in this case. While it is true that plaintiff alleged negligence with respect to these matters in the complaint, the evidence was confined to the question of whether or not the porter negligently pushed plaintiff and caused her to fall. There was no claim in the evidence, nor

was the question submitted in the instructions, that defendant was negligent in the construction or maintenance of the bus depot. The scope of an instruction is to be determined not alone by the pleadings but also by the evidence in support of the issues between the parties, and even though an issue is raised by the pleadings, it is not proper to give an abstract, admittedly correct, instruction on such issue where there is no basis for it in the evidence. State v. Whitman, 103 Minn. 92, 97, 114 N. W. 363, 14 Ann. Cas. 309; Rihmann v. George J. Grant Construction Co. 114 Minn. 484, 488-489, 131 N. W. 478; Patterson v. Blatti, 133 Minn. 23, 27, 157 N. W. 717, L. R. A. 1916E, 896, Ann. Cas. 1918D, 63; 14 R. C. L. p. 786, § 51.

It is claimed that the instructions should have been given because the complaint and an amendment to it were in evidence. These were introduced in evidence by defendant. The introduction of the complaint and the amendment did not introduce issues upon the question of defendant's negligence in the construction or maintenance of the bus depot. The instructions given by the court fully covered the only issues which the jury had to consider.

The order is affirmed.

