M. Braunschweiger and Joseph Manning, Appellants, v.
John W. Waits.

*Vendor and vendee—Misrepresentations—Fraud—Rescission.*

Where a vendee was induced to purchase the land by false representations of the vendor materially affecting the value of the land, he may rescind the contract, whether the vendor knew or not the representations were false.

*Vendor and vendee—Evidence—Fraud—Mutual mistake.*

On the trial of an issue to determine the validity of a judgment given for the purchase money of land, where the only question raised by the pleadings and the evidence is whether the vendee was induced to purchase by false representations of the vendor, it is material error for the court to submit to the jury the question whether the parties dealt under the influence of a mutual mistake when no such question is involved.

*Evidence—Witnesses—Preponderance of evidence—Fraud.*

In determining an issue the question for the jury is not on which side are the witnesses most numerous, but what testimony they should believe. It is therefore improper for the court to charge : " Where the plaintiff affirms a fact on one side, and the defendants deny the fact, and all of these persons are deemed equally credible, and there are no corroborative facts or circumstances sustaining the defendant, then the defendant's contention must fail."

Argued Oct. 7, 1896.    Appeal, No. 133, October Term, 1896, by plaintiffs, from judgment of C. P. Venango County, April T., 1895, No. 197, on verdict for defendant.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Reversed.

Issue to determine the validity of a judgment.    Before CRISWELL, P. J.

. The facts appear by the opinion of the Supreme Court.

The court charged in part as follows :

[It appears from the evidence, however, and is not questioned by either party, that there were only fifteen wells shown to the defendant, and if you find that there were more than that number of wells drilled upon the property, and that the plaintiffs failed to show those wells to the defendant because of the fact they did not know of them, then another question will arise ; that is, whether there was mutual mistake here of such a

material character as to make it inequitable to enforce the terms of this contract against the defendant. If you find that those eight other wells were drilled upon the property, that that fact is material, and that the defendant would not have entered into this contract if he had known of those eight other wells being drilled, and known of the character of the wells, why then he may be entitled to relief. That is, if you find those facts, then you may properly conclude that the defendant had a right not to enter into the contract, not on the ground of fraudulent representations, but on the ground of mutual mistake as to a material fact.] [11]

Plaintiffs' points and answers thereto among others were as follows:

6. The defendant, Waits, is not entitled to rescind the contract in question upon the ground of any alleged misrepresentations relative to the number of old holes drilled upon the premises, nor as to the alleged representation that there never had been a dry hole drilled upon the property, and this for the reason that the burden of proof being upon him, and his testimony in these matters being squarely contradicted by the plaintiffs, and Waits not being corroborated by any evidence outside of himself, he has failed to make out a preponderance of proof. *Answer:* Refused. [1]

29. Fraud is not presumed, but must be clearly proven. Where Waits affirms or alleges fraud and he is squarely contradicted by the plaintiffs, and they all appear to be equally interested, and the plaintiffs appear to be fully as credible as Waits, the alleged fraud or misrepresentation is not proved in law. *Answer:* Fraud must be proved as facts generally are known by a preponderance of the evidence or by inference from facts clearly established. Where Waits affirms a fact on one side and Braunschweiger and Manning deny the facts, and all of these persons are deemed equally credible, and there are no corroborating facts or circumstances sustaining Waits, then Waits' contention must fail. As thus modified this point is affirmed. [5]

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* among others were (1, 5, 11) above instructions, quoting them.

*W. J. Breene* and *J. S. Carmichael*, with them *R. W. Dunn*, for appellants.—The reason for the principle of mutual mistake originates in the entire absence of all fraudulent statement or design. It can only be invoked where both parties in good faith, after the exercise of reasonable diligence, under the circumstances, have mutually and mistakenly assumed the existence of something material which had no existence in fact.

Fraud cannot be presumed, but must be established by a clear preponderance of the evidence. Where two witnesses affirm and two others no more interested in the subject-matter, and for all that appears fully credible, deny the fraud, it is not proved: Allison v. Ward, 63 Michigan, 128 ; Zueber v. Karpeles, 88 Michigan, 413 ; Skiles v. Dickson et al., 147 Pa. 117 . Mead v. Conroe, 113 Pa. 220.

*J. H. Osmer*, with him *John O. McCalmont* and *J. M. McGill*, for appellee.—If the statements made by the vendor of the value of the property were false in fact, his belief that they were true was of no consequence, and did not preclude the ven dee from setting up their falsity as a defense : Rollins v. Wick ham, 3 D. & J. 317 ; Bower v. Fenn, 90 Pa. 359 ; Fisher v Worrall, 5 W. & S. 478 ; Tyson v. Passmore, 2 Pa. 122.

As fraud can rarely be proved by direct and positive testimony, great liberality is always exercised in the admission of evidence having a tendency to show it, and the party alleging it is entitled to have the jury consider the united forces of the items of testimony having this tendency : Montgomery Webb Co. v. Dienelt, 133 Pa. 585 ; Landis v. Neff, 9 Atl. Rep. 926 ; Kaine v. Weigley, 22 Pa. 179.

OPINION BY MR. JUSTICE WILLIAMS, January 4, 1897 :

A judgment was entered in the court of common pleas of Venango county in favor of the plaintiffs and against the defendant by virtue of a warrant of attorney for $20,608.81. This judgment was opened on the petition of the defendant representing that the execution of the paper had been induced by misrepresentations. An issue was framed for trial before a jury to determine how much if anything was due to the plaintiffs on the judgment. On the trial it appeared that the paper was executed and delivered under the following circumstances.

Waits was an oil producer.  The plaintiffs were the owners of a considerable farm known as the "Astral Oil Refining Company's farm," in Cranberry township, Venango county, upon which were two producing wells.  They proposed to sell this farm to Waits.  He went with them to see it, and, as he alleges, upon their assurance that the producing wells were yielding five barrels per day, that but fifteen wells had been drilled on the farm, none of which had been dry holes, and that a considerable portion of the land had not been drilled upon at all, he agreed to purchase it for $20,000, and executed the preliminary contract on which the judgment was entered.  The title was to be made at the end of ten days.  It was not made and tendered for about two months.  Meantime the defendant says he learned that the land had been well drilled, at least twenty-three oil wells having been put down upon it, all but two of which had been abandoned, and that these, instead of producing five barrels per day, were producing only about one half of that amount, and at a wholly disproportionate cost, so that the tract was of little value, and would not have been bought by him if its condition had been truly stated to him.  In other words his defense was fraud upon the part of the plaintiffs in making the contract of sale.  This was the only defense set up by the affidavit on which the rule to open judgment was moved for, and it was the only one raised by the evidence on the trial.  It was error therefore to submit to the jury the question of mutual mistake, as was done by the learned judge, in that portion of his charge that is made the subject of the eleventh assignment of error. He said in substance that if the parties dealt under the influence of a mutual mistake, the defendant could avail himself of such mistake, although the jury should conclude that no fraudulent representations had been made by the plaintiffs.  If the defendant made the purchase upon his own examination or previous knowledge of the property, and no representations were made to him by the plaintiffs to induce the purchase, the defendant was without a defense.  If he bought upon the representations of the plaintiffs, and these representations turned out to be false, then he had a defense.  Whether they affirmed that to be true which they knew to be false, or which they knew nothing about, the effect was the same upon the purchaser.  It was in either case a fraud.  The question for the jury was

whether the purchase was induced by representations materially affecting the value of the land, which were false. If they were false it was of no consequence whether the plaintiffs knew their falsity, or made them without any knowledge on the subject. It was their duty to know, and to make no representations as to the subjects of which they knew nothing. The case of a mutual mistake is well illustrated by Riegel v. The Insurance Company, 153 Pa. 134. Mrs. Riegel held a policy upon the life of a debtor who had been long unheard of and was in fact dead. This fact was not known to her or to the insurance company. Upon the mistaken assumption that he was still alive, and that she was still liable for premiums upon the policy, she made a contract with the insurance company. This contract was made in mutual mistake about a fact of which neither party had or pretended to have, any knowledge whatever. What is alleged here is that the defendant agreed to make this purchase because of representations about facts material to the value of the property, made by the vendors which were false. This if true was a fraud. The instruction complained of opened a way for the jury to find for the defendant without disposing of the question of fraud which was the only question on which the right of the defendant to relief rested. Whether the jury took this way or not it is impossible to tell. It is enough that they might have done so. The instructions complained of in the first and fifth assignments of error may not have misled the jury and probably did not, yet they were wanting in accuracy. The weight of evidence is not a question of mathematics, but depends on its effect in inducing belief. It often happens that one witness standing uncorroborated may tell a story so natural and reasonable in its character, and in a manner so sincere and honest, as to command belief, although several witnesses of equal apparent respectability may contradict him. The manner and appearance of the witness, the character of his story and its inherent probability may be such as to lead a jury to believe his testimony, and accept it as the truth of the transaction to which it relates. The question for the jury is not on which side are the witnesses most numerous, but what testimony do you believe? In most respects this case was well tried by the learned judge. The only serious error into which he fell is that pointed out by the eleventh assignment of error,

and for that it becomes necessary to reverse the judgment and send the case to another jury to be disposed of upon the question of fraud raised by the defendant's affidavit.

The judgment is reversed and a venire facias de novo awarded.