Lausell *v.* The American Railroad Company of Porto Rico.

Appeal from the District Court of Aguadilla.

No. 711.—Decided November 9, 1911.

Damages—Contradictory Evidence—Conclusions of Trial Court.—In cases of contradictory evidence the conclusions of the trial court in regard thereto

will not be reversed on appeal unless it is shown that said trial court was influenced by partiality or passion, or committed manifest error.

Id.—Preponderance of Evidence.—The preponderance of the evidence in favor of or against a party does not consist in the greater or less number of witnesses whom he introduces to testify in his favor, but in the effect of such evidence in inducing the judge to give it credit.

The facts are stated in the opinion.

*Mr. Juan B. Soto* for appellant.

*Messrs. N. B. K. Pettingill* and *Fernando Vázquez* for appellee.

Mr. Justice MacLeary delivered the opinion of the court.

This suit was brought to recover from the American Railroad Company damages caused by the overflow of a piece of land occupied by the plaintiff as tenant, and the consequent destruction of his crops. This damage is alleged to have been caused by the defendant having negligently interrupted, with its track, the course of the waters during rainy seasons in the space between kilometer 131 and 132 of said track causing damage to plaintiff's crops in the sum of $800. All the material allegations of the complaint are denied by the defendant's answer. The trial court found that the proof did not establish the fact of the negligence charged to the defendant nor that said company had interrupted the flow of the waters; it appearing from the consensus of all the evidence that the said company had placed drainpipes of sufficient size to accomplish the drainage at the points between kilometers 131 and 132 of the track; all of which removed from the mind any presumption of negligence or fault on the part of the railroad company. Thereupon the court rendered judgment in favor of the defendant, that it go hence without day and recover costs from the plaintiff. From this judgment the plaintiff took an appeal to this court, and assigned as error that the trial court had disregarded the evidence concerning the negligence of the company and the interruption of the flow of the waters. A careful examination of the evidence will find it flatly contradictory on these points. The witnesses for the plaintiff declare that the drainpipes are insufficient

to carry off the water and those of the defendant declare them amply sufficient for that purpose. The number of witnesses preponderates in favor of the plaintiff; but the testimony of the company's engineer, Edmund GrosJean, is more explicit showing the nature of the ground, the size of the drainpipes and their capacity per minute, also the area of the inundated parts of the plaintiff's field. He is sustained in some of these particulars by other witnesses. The mere fact that GrosJean was in the employ of the railroad company is not sufficient to discredit his testimony. From its substance, as set forth in the statement of the case, one is impressed by its fairness and with the intelligence of the witness. On this subject it has been well said by the Supreme Court of Pennsylvania that ''The weight of evidence is not a question of mathematics, but depends on its effect in inducing belief. It often happens that one witness standing uncorroborated may tell a story so natural and reasonable in its character, and in a manner so sincere and honest, as to command belief, although several witnesses of equal apparent respectability may contradict him. The question for the jury is not on which side are the witnesses most numerous, but what testimony do they believe. (*Braunschweiger* v. *Waits,* 36 Atl. Rep., 156; 179 Pa.; 47 [1897].) Considering all the contradictory evidence, which in regard to the sufficiency of the drain pipes to carry off the rain water was largely mere matter of opinion, the court held the preponderance in favor of the defendant and made its findings and rendered judgment accordingly. We are loath to disturb a judgment based on the estimate put on contradictory evidence by the trial court, in the absence of something to show that it is the result of partiality, passion or prejudice, or unless manifest error is disclosed in the record. Nothing of this kind appears in this case; on the contrary it is very probable that any one of the justices of this court, if sitting as a trial judge, would have reached the same conclusion at which the District Judge of Aguadilla arrived.

Besides all this there is a circumstance which appears from the record, but was not noticed in the typewritten briefs filed by counsel on either side, but was called to the attention of the court in oral argument, which must be accorded some weight in the consideration of this matter. It is this. The plaintiff took possession of the land which was inundated on July 23, 1908, after the railroad had been completed and the drainpipes placed in position. The inundations complained of occurred in October, 1909; January, 1910; May, 1910, and September, 1910. The railroad was existing, in the same condition as at the trial, when the engineer who testified entered the service of the company in October, 1907. Inundations had occurred frequently while the land was in possession of a prior tenant, Gregorio Cortés. If the plaintiff did not know all the facts, by the exercise of a little prudence they could have been ascertained.

Moreover, several of the witnesses testified that there was a deep hole or pond on plaintiff's land near the railroad track, in which the rain water accumulated and which existed there before the railroad was constructed and could not be drained by the culverts placed under the track, and that portions of this land were naturally low and subject to inundation regardless of any effect which the track embankment might have on it in wet weather.

Taking all the evidence together and harmonizing it as far as possible and carefully weighing the contradictory statements of the several witnesses, we are fully convinced that the trial court arrived at a just decision of this case; and so the judgment rendered by the District Court of Aguadilla, on March 9 last, must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro, and Aldrey concurred.