### LAUSELL *v.* AMERICAN RAILROAD CO. OF P. R.

APELACIÓN procedente de la Corte de Distrito de Aguadilla.

No. 711.—Resuelto en noviembre 9, 1911.

DAÑOS Y PERJUICIOS—PRUEBA CONTRADICTORIA—APRECIACIÓN DEL TRIBUNAL SENTENCIADOR.—En casos de prueba contradictoria, la apreciación que de la misma hiciere el tribunal sentenciador no será revocada en apelación a menos que se demuestre que obró influído por parcialidad, apasionamiento o con manifiesto error.

ID.—PREPONDERANCIA DE LA PRUEBA.—La preponderancia de la prueba a favor o en contra de una parte no consiste en el mayor o menor número de testigos que presente dicha parte y que declaren a favor o en contra de ella, sino que depende del efecto de dichas pruebas para inducir al juzgador a darle crédito.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan B. Soto.*

Abogados del apelado: *Sres. N. B. K. Pettingill y Fernando Vázquez.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Se entabló este pleito para recobrar de la "American Railroad Company," una indemnización por los daños y perjuicios

causados por la inundación de un predio de terreno, ocupado por el demandante como arrendatario, y la consiguiente destrucción de sus cosechas. Se alega que dichos daños y perjuicios han sido causados por haber la compañía demandada negligentemente interrumpido con su vía el curso que seguían las aguas durante la estación de las lluvias, en el espacio comprendido entre los kilómetres 132 y 133 de dicha vía, causando daños a las cosechas del demandante por la suma de ($800) ochocientos dollars. Todas las alegaciones esenciales de la demanda, fueron negadas por la contestación de la demandada. El tribunal sentenciador declaró que las pruebas presentadas no justificaban el caso de negligencia de que se acusaba a la compañía demandada, ni que dicha compañía hubiese interrumpido el curso de las aguas; apareciendo del conjunto de la prueba presentada, que dicha compañía había colocado tubos de desagüe de capacidad bastante para lograr dicho objeto, o sea el desagüe, en los sitios de referencia entre los kilómetros 131 y 132 de la vía; todo lo cual alejó de la mente toda presunción de negligencia o·culpa de parte de la referida compañía. En consecuencia de eso, el tribunal dictó sentencia a favor de la compañía demandada, disponiendo que ésta quedara libre de toda responsabilidad legal, con las costas al demandante. Contra esta sentencia, se interpuso por el demandante recurso de apelación para ante este tribunal, señalando como error, que el tribunal sentenciador no había hecho caso de las pruebas referentes a la negligencia de la compañía, y la interrupción del curso de las aguas. Un detenido examen de las pruebas demostrará, que éstas son absolutamente contradictorias con respecto a dichos extremos. Los testigos del demandante declaran que los tubos de desagüe son insuficientes para disipar el agua; y los de la demandada declaran que son ampliamente suficientes para ese fin. El número de testigos prepondera a favor del demandante; pero la declaración del ingeniero de la compañía, Edmund Gros Jean, es más explícita, demostrando la naturaleza del terreno, el tamaño de los tubos de desagüe y su capacidad·por minuto, y

también el área de las partes inundadas del terreno del demandante. En algunos de estos extremos, su declaración resulta apoyada por las de otros testigos. El mero hecho de que Gros Jean era un empleado de la compañía ferroviaria no es suficiente para dudar de su declaración. Al examinar la sustancia de dicha declaración según ha sido consignada en la exposición del caso, queda uno impresionado por la franqueza de la misma, y por la inteligencia del testigo. Con respecto a esta materia, se ha dicho muy bien por el Tribunal Supremo de Pennsylvania, que "La importancia de la prueba, no es una cuestión de matemáticas, sino que depende de su efecto en inducir la creencia. Sucede frecuentemente que un testigo, cuya declaración no está corroborada por las de los demás testigos, hace un relato de carácter tan natural y razonable, y de una manera tan sincera y fidedigna que obliga a uno a creerlo, aunque le contradigan varios testigos que aparentemente son tan respetables como él. La cuestión sometida al jurado no es cuál es la parte que tiene a su favor el mayor número de testigos, sino cuáles son las declaraciones que ellos creen." (*Braunschweiger* v. *Waits,* 36 Atl. Rep., 156; 179 Pa., 47 [1897].) Al considerar todas las pruebas contradictorias, que con respecto a la suficiencia de los tubos de desagüe para disipar el agua llovediza, eran en gran parte meramente materia de opinión, la corte opinó que la preponderancia de la prueba estaba a favor de la compañía demandada y resolvió el caso y dictó sentencia en conformidad con la misma. Nosotros estamos poco dispuestos a modificar una sentencia que está basada en la apreciación por el tribunal sentenciador de las pruebas contradictorias, a falta de algo que demuestre que dicha sentencia es el resultado de parcialidad, apasionamiento, o prevención; o a menos que se descubra en los autos un manifiesto error. Nada de eso resulta en el presente caso; al contrario, es muy probable que cualquiera de los jueces de este tribunal si hubiera estado actuando como juez sentenciador, habría llegado a la misma conclusión que el Juez de Distrito de Aguadilla.

Además de todo eso, existe una circunstancia que aparece de los autos, pero que no fué mencionada en los alegatos escritos en maquinilla que fueron presentados por los abogados de ambas partes; y sobre la cual se le llamó la atención al tribunal en el informe oral, y a la que se debe conceder alguna importancia en la consideración de este asunto. Y es ésta: El demandante tomó posesión del terreno que fué inundado, el día 23 de julio de 1908, después de haberse terminado la construcción de la vía férrea, y colocado los tubos de desagüe en su sitio. Las inundaciones que motivaron la demanda, ocurrieron en octubre de 1909, enero de 1910, mayo de 1910, y septiembre de 1910. Cuando el ingeniero que declaró como testigo, entró en el servicio de la compañía, en octubre de 1907, la vía férrea existía en las mismas condiciones en que se hallaba en la época del juicio. Habían ocurrido con frecuencia inundaciones mientras el terreno estaba en posesión de un arrendatario anterior, un tal Gregorio Cortés. Si el demandante no tenía conocimiento de todos los hechos, hubiera podido averiguarlos mediante un poco de prudencia.

Además de eso, varios testigos declararon que había en el terreno del demandante y cerca de la vía férrea, un hoyo profundo, o charco, en que se acumulaba el agua llovediza, y el cual hoyo o charco existió allí antes de construirse la vía férrea y no podía desaguarse por medio de las alcantarillas colocadas debajo de la vía férrea; y que partes de dicho terreno eran bajas por naturaleza y expuestas a inundaciones independientemente de cualquier efecto que sobre las mismas pudiera tener el terraplén de la vía férrea en tiempo lluvioso.

Considerando todas las pruebas en conjunto, y armonizándolas hasta donde fuere posible, y apreciando cuidadosamente las declaraciones contradictorias de los diferentes testigos, quedamos plenamente convencidos de que el tribunal sentenciador ha llegado a una justa decisión del presente caso; y, por lo  tanto, debe confirmarse la sentencia dictada por la Corte de Distrito de Aguadilla, en 9 de marzo pasado.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.