## Dreese *v.* Brown, Appellant.

*Appeals—Conflicting evidence—Case for jury.*

1. The appellate court will not interfere with a judgment entered on a verdict in plaintiff's favor simply because the actual happening of the accident on which the suit was based, was seen and described only by plaintiff on one side and defendant on the other.

2. Although the evidence in an accident case may be equally balanced, the inferences to be drawn therefrom are for the jury.

Argued May 10, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 82, Jan. T., 1927, by defendant, from judgment of C. P. Snyder Co., Oct. T., 1925, No. 13, on verdict for plaintiff, in case of Lester E. Dreese v. H. C. Brown. Affirmed.

Trespass for personal injuries. Before POTTER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $6,745. Defendant appealed.

*Error assigned* was refusal of judgment for defendant n. o. v., quoting record.

*Clarence E. Sprout,* with him *Jay G. Weiser,* for appellant.

*Charles P. Ulrich* and *J. Fred Schaffer,* for appellee, were not heard.

PER CURIAM, May 18, 1927:

In this action of trespass to recover for personal injuries, judgment was entered on a verdict for plaintiff; defendant has appealed. He contends that the evidence to prove negligence was "equally balanced" and therefore plaintiff failed to sustain the burden of proving his case; but whether or not the evidence was equally balanced, and also the inferences to be drawn therefrom, were questions of fact which the trial judge had to submit to the jury. Moreover, the court below, in an opinion by the judge who saw the witnesses and heard the testimony, states, in effect, that the preponderance of proof favored plaintiff. The trial judge thinks there was corroboration in this case; but, even if plaintiff was uncorroborated, it would not follow that we should interfere with a judgment entered on a verdict in his favor simply because the actual happening of the accident was seen and described only by plaintiff on one side and defendant on the other; for, as said by us in Braunschweiger v. Waits, 179 Pa. 47, 51, "It often happens that one witness standing uncorroborated may tell a story so natural and reasonable in its character, and in a manner so sincere and honest, as to command belief [despite opposing testimony]. The manner and appearance of the witness, the character of his story and its inherent probability may be such as to lead a jury to believe his testimony and accept it as the truth of the transaction to which it relates."

The judgment is affirmed.