**Donovan v. Smoke Ridge Village, Inc.**

*Stephen G. Bresset* and *Marshall E. Anders,* for plaintiffs.

*Maxwell H. Cohen, Michael Rundle, George W. Westervelt, Jr.,* and *Mark N. Cohen,* for defendants.

WILLIAMS, *S.J.,* October 6, 1980—Plaintiff filed a complaint against the above captioned defendants seeking restitution and both compensatory and punitive damages, arising out of a purchase agreement for a lot at Smoke Ridge Village Development between plaintiffs and defendant, Smoke Ridge Village, Inc. The agreement is dated February 22, 1976 and the purchase price was $7,063. The complaint alleges that on or about February 3, 1976 agents of the vendor made certain representations to plaintiffs to the effect that the property was suitable for the erection of a dwelling thereon, that roadways would shortly be completed, that individual sewage could be installed and if not, central sewage would be provided by the vendor and that the vendees would receive free membership in a recreation club. The complaint alleges that these representations were false. The complaint further alleges that on July 1, 1977 Smoke Ridge Village, Inc. entered into a consent decree with the Pennsylvania Department of Justice,

wherein it agreed to correct the aforesaid deficiencies but it has not done so.

Defendant, United Penn Bank, is not a signatory to the purchase agreement, or the owner of the lot purchased. The alleged liability of the bank defendant is pleaded as follows:

"24. That Defendant, United Penn Bank, undertook to supply certain mortgage financing for the development known as Smoke Ridge Village, Inc.

"25. That in addition to providing such financing, Defendant, United Penn Bank, undertook to 'purchase' all or a portion of judgment notes evidencing obligations of purchasers of lots from said development and discounted same.

"26. That Defendant, United Penn Bank, provided certain portions of the mortgage financing to the Defendant, Smoke Ridge Village, Inc., to construct or complete certain roads, water supply, sewer systems and to comply with all subdivision requirements of Coolbaugh Township, Monroe County.

"27. That Defendant, United Penn Bank, was, or should have been aware at all times material hereto and most specifically on or about February 2, 1976, that the purposes for which the financing was being provided, was not the utilization being made with those funds.

"28. That despite that knowledge, the United Penn Bank continued to purchase and discount all or a portion of the 'judgment note purchases' by the plaintiffs and others.

"29. That Defendant, United Penn Bank, carelessly, negligently and willfully failed, refused or neglected to adequately inspect and supervise said development and permitted the Plaintiffs, Donovans, herein to be induced into purchasing property

at said development, expending funds and incurring obligations, all to their great detriment and loss."

All defendants have filed preliminary objections to the complaint. Only the objections filed by the United Penn Bank have been argued. This opinion deals exclusively with the objections filed by the United Penn Bank. While the bank has raised a number of issues, we will deal first with the issues raised by demurrer, as follows:

"1. The facts alleged in Count IV of the Complaint do not set forth a contract between Bank Defendant and the Plaintiffs, or any other facts which create privity of contract or a legally enforceable obligation on Bank Defendant in favor of Plaintiffs.

"2. Count IV of Plaintiffs' Complaint fails to set forth a claim against Bank Defendant upon which Plaintiffs are entitled to recover.

"3. Plaintiffs claim punitive damages, but allege no facts to support such a demand against Bank Defendant."

The first two objection raise the issue whether, as a matter of law, plaintiffs have pleaded a good cause of action against the bank defendant.

It has been held that when a vendee is induced to purchase lands by false representations of the vendor which materially affect the value of the land, he may rescind the contract whether the vendor knew the representations were false or not: Braunschweiger v. Waits, 179 Pa. 47, 36 Atl. 188 (1897); Miller v. Bare, 457 F. Supp. 1359 (W.D. Pa. 1978). While these cases are pertinent as to the vendor, they are not pertinent as to bank defendant which was not the vendor and which did not make the representations.

As stated in Diesel v. Caputo, 244 Pa. Superior Ct. 195, 204, 366 A. 2d 1259 (1976), since plaintiffs seek the remedy of restitution, under the allegations in the complaint recovery is potentially available under two theories. The first is an action of assumpsit on the theory of a quasi-contract with relief measured by the amount of unjust enrichment to defendant, United Penn Bank. The complaint is insufficient to support such a theory because the complaint is devoid of any allegation that defendant bank received any benefit from the purchase agreement. There is certainly no privity of contract shown and no factual averments to show that the bank had any knowledge of the transaction or did anything to induce plaintiffs to purchase the lot or that defendant bank owed any duty to plaintiffs. Nor are there allegations which could constitute fraudulent conduct on the part of the bank.

The second is an action of trespass on the theory of conversion with relief in the nature of restitution measured by the amount of plaintiffs' loss (in turn measured by the value of the property converted at the time of the conversion). Since defendant bank is not charged with the conversion of the property, there is no basis to find such a remedy available to plaintiffs.

The complaint is totally lacking in sufficient factual averments to establish liability on the part of defendant bank.

We do not, in view of our sustaining the demurrer, reach the other issues raised by the preliminary objections. Moreover since some of the other grounds relied on, are common with grounds raised by other defendants, we believe due process to the other defendants requires us to give them the opportunity to be heard prior to passing upon objections which conceivably seriously affect their rights.

## ORDER

And now, October 6, 1980, the demurrer to the complaint by United Penn Bank is sustained and plaintiffs are given 20 days from date of notice of the filing of this opinion to file an amended complaint. If no amended complaint is filed within the time stated, the complaint is dismissed as to United Penn Bank.