J-S52034-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID MAURICE DONLEY, | : | |
| | : | |
| Appellant | : | No. 388 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 2, 2017
in the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000422-2017

BEFORE:   BENDER, P.J.E., MCLAUGHLIN, J., and STRASSBURGER,J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED: OCTOBER 17, 2018**

David Maurice Donley (Appellant) appeals from the August 2, 2017 judgment of sentence of six months to four years of incarceration, imposed after being convicted by a jury of terroristic threats.  We affirm.

We provide the following background.  Jaime Smotherman, the mother of Appellant's daughter, testified that on an evening in July 2016, Appellant was ringing her doorbell and "banging" on her door around midnight. N.T., 7/7/2017, at 12.  She further testified that her daughter was crying in her room, and when Smotherman went into her daughter's room, she saw Appellant at the window.  Smotherman called the police, and Officers Brandon Spounagle and Jared Henry responded.  They were unable to locate Appellant

_____
* Retired Senior Judge assigned to the Superior Court.

near the scene.[1] Smotherman texted Appellant about the incident and "told him … he had no right to be at [her] house doing that and he better not be doing it again." *Id*. at 14. Based upon this incident, on July 27, 2016, Appellant was charged at docket number 1712 of 2016 with one count each of attempted criminal trespass and loitering and prowling at nighttime.

Subsequently, while Appellant was awaiting trial on these charges, on January 8, 2017, Smotherman and Appellant were texting again. The conversation began with Appellant's request to speak to their daughter. Smotherman told Appellant that their daughter was asleep. The conversation then turned to the events of July 2016. Appellant asked Smotherman "what guy [she knew] that tried to break in." *Id*. at 17. Smotherman texted Appellant that she believed it was him, and asked Appellant "to stop bothering" her. *Id*. Appellant then texted Smotherman that "[h]e's a 200-pound Marine. He can break in anytime he wants."[2] *Id*. Smotherman texted Appellant again to stop bothering her, but he continued to send text messages. Appellant texted, "I should break into your house. Maybe I'll crawl

_____

[1] When Officer Spounagle spoke with Appellant about this incident, Appellant claimed that he could not get in touch with either Smotherman or his daughter, so he and some friends went to the residence to ensure they were safe. *Id*. at 54-55.

[2] According to Smotherman, Appellant was not a Marine because he "was kicked out after boot camp." *Id*. at 17.

through the window while my dad videotapes it with footage of you telling me to leave." *Id*. at 18-19.

Smotherman again called the police, and she reported to Officer Spounagle that "she received a threatening message from [Appellant]." *Id*. at 56. Officer Henry got in touch with Appellant, who told police that the meaning of the text messages was being misinterpreted. *Id*. at 69-70. On January 12, 2017, Officer Henry filed a criminal complaint against Appellant charging him with one count of terroristic threats pursuant to 18 Pa.C.S. § 2706(a)(1) at docket number 422 of 2017.

A jury trial on all three charges was held on June 7, 2017. At the consolidated trial, the Commonwealth presented the testimony of Smotherman, the daughter of Smotherman and Appellant, and both police officers. Appellant presented testimony from his father and a friend. He also testified in his defense. Appellant was found not guilty on both charges at docket number 1712 of 2016. He was found guilty of terroristic threats at docket number 422 of 2017.

On August 2, 2017, Appellant was sentenced as outlined above. Appellant timely filed a post-sentence motion, which the trial court denied. Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant sets forth three issues for our review. We begin with Appellant's challenge to the sufficiency of the evidence to sustain his conviction. *See* Appellant's Brief at 13-19.

> Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary. When reviewing the sufficiency of the evidence, this Court is tasked with determining whether the evidence at trial, and all reasonable inferences derived therefrom, [is] sufficient to establish all elements of the offense beyond a reasonable doubt when viewed in the light most favorable to the Commonwealth[.] The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented.

*Commonwealth v. Walls*, 144 A.3d 926, 931 (Pa. Super. 2016) (internal citations and quotation marks omitted).

"A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to … commit any crime of violence with intent to terrorize another[.]" 18 Pa.C.S. § 2706(a)(1). In other words, "the Commonwealth must prove that 1) the defendant made a threat to commit a crime of violence, and 2) the threat was communicated with the intent to terrorize another or with reckless disregard for the risk of causing terror." *Commonwealth v. Reynolds*, 835 A.2d 720, 730 (Pa. Super. 2003) (internal citations and quotation marks omitted).

On appeal, Appellant first contends that his threat of breaking into Smotherman's house is not a crime of violence within the meaning of the statute. Appellant's Brief at 14. Appellant points out that the Crimes Code defines "crimes of violence" for sentencing purposes in 42 Pa.C.S. § 9714(g).

Appellant's Brief at 14-15. Appellant argues that none of the crimes listed in this subsection is applicable to his communication that he would "break in." *Id*.; N.T., 6/7/2017, at 18-19.

However, one such qualifying crime under the sentencing code is attempted burglary pursuant to 18 Pa.C.S. § 3502(a)(1). **See** 42 Pa.C.S. § 9714(g). That section provides that "[a] person commits the offense of burglary if, with the intent to commit a crime therein, the person … enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present." 18 Pa.C.S. § 3502(a)(1)(ii). This conduct is exactly what Appellant threatened he would do via the text message at issue. We have held that "it is unnecessary for an individual to specifically articulate the crime of violence which he or she intends to commit where the type of crime may be inferred from the nature of the statement and the context and circumstances surrounding the utterance of the statement." **Commonwealth v. Hudgens**, 582 A.2d 1352, 1358 (Pa. Super. 1990). Based on the foregoing, we conclude the Commonwealth presented sufficient evidence to prove beyond a reasonable doubt that Appellant threatened to commit a crime of violence.

Appellant next contends that the Commonwealth failed to prove beyond a reasonable doubt the second element of the offense, that Appellant "acted with intent to terrorize" Smotherman. Appellant's Brief at 15. He contends

that he and Smotherman had a contentious relationship and "his messages were made in an unplanned heated confrontation." *Id*. at 18.

We recognize that this section "is not intended … to penalize mere spur-of-the-moment threats which result from anger." 18 Pa.C.S. § 2706 cmt. While this is Appellant's characterization of his text message that he would break into Smotherman's house, the jury was free to believe Smotherman's testimony that she felt threatened by this text. N.T., 6/7/2017, at 19. As we have pointed out, "[t]he harm sought to be prevented by the statute is the psychological distress that follows from an invasion of another's sense of personal security." *Reynolds*, 835 A.2d at 730. Here, Appellant had been charged with attempted criminal trespass as part of his effort to obtain entry into Smotherman's house. Then, months later, and before his trial on that charge, he sent a text message to her stating that he could break into her house if he wanted to. Viewing this testimony in the light most favorable to the Commonwealth, we conclude the evidence was sufficient to sustain Appellant's terroristic threats conviction.

Appellant next claims that he is entitled to a new trial because the verdict is contrary to the weight of the evidence. Appellant's Brief at 19-20. According to Appellant, the jury "placed too great a weight on [Smotherman's] testimony regarding the charges for which Appellant was acquitted." *Id*. at 20.

> We have held that [a] motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes

that there is sufficient evidence to sustain the verdict. Our Supreme Court has described the standard applied to a weight-of-the-evidence claim as follows:

> The decision to grant or deny a motion for a new trial based upon a claim that the verdict is against the weight of the evidence is within the sound discretion of the trial court. Thus, the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence. An appellate court may not overturn the trial court's decision unless the trial court palpably abused its discretion in ruling on the weight claim. Further, in reviewing a challenge to the weight of the evidence, a verdict will be overturned only if it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Cash*, [] 137 A.3d 1262, 1270 ([Pa.] 2016) (internal citations omitted). A trial court's determination that a verdict was not against the interest of justice is [o]ne of the least assailable reasons for denying a new trial. A verdict is against the weight of the evidence where certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. [W]e do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence…. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion.

*Commonwealth v. Williams*, 176 A.3d 298, 312 (Pa. Super. 2017) (some internal citations and quotation marks omitted).

The trial court concluded that "the verdict of the jury does not shock [its] conscience." Trial Court Opinion, 1/23/2018, at 9 (unnumbered).

> The fact that during the trial, the jury heard evidence of the separate charges, upon which it later found [Appellant] not guilty, does not negate the ability to consider the totality of the circumstances involved with the terroristic threats charge and find [Appellant] guilty thereof. The jury, as trier of fact, "is free to

believe all, none or part of the testimony presented at trial." **Com[monwealth] v. Gibbs**, 981 A.2d 274, 282 (Pa. Super. 2009). "The weight of evidence is not a question of mathematics, but depends on its effect in inducing belief." **Braunschweiger v. Waits**, 36 A. 155, 156 (Pa. 1897). Considering that the jury found [Appellant] not guilty of the separate charges evinces [its] ability to make a decisive determination as to whether the facts in support were sufficient to sustain a conviction of those charges, but does not indicate that those facts unduly influenced [its] determination of the other charge upon which [it] convicted [Appellant].

In deciding whether to give credence to one witness'[s] testimony over another's, the jury may be led by several factors, including "[t]he manner and appearance of the witness, the character of his story, and its inherent probability." **Id**. The jury was free to give substantial weight to the Commonwealth's witnesses. The [trial court] cannot disturb such determination of the jury and [Appellant] is not entitled to relief on this claim.

Trial Court Opinion, 1/23/2018, at 9-10.

We discern no error or abuse of discretion in this conclusion. Here, as the trial court pointed out, the jury's verdict reveals that it carefully considered the evidence and credited Smotherman's testimony regarding the threats made by Appellant to her. Accordingly, we conclude that Appellant is not entitled to relief on his weight-of-the-evidence claim.

Finally, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 20-24. We consider this issue mindful of the following.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

- 8 -

* * *

When imposing [a] sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa. Super. 2014)

(internal citations and quotation marks omitted).

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014)

(some citations omitted).

Instantly, Appellant has satisfied the first three requirements: he timely filed a notice of appeal, sought reconsideration of his sentence in a post-sentence motion, and his brief contains a Pa.R.A.P. 2119(f) statement. We now consider whether Appellant has presented a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

Here, Appellant asserts two separate claims in his 2119(f) statement. First he contends that the trial court "improperly based [his] sentence by focusing on [his] prior record to the exclusion of mitigating factors[.]" Appellant's Brief at 11. Appellant also claims that the trial court's "referencing facts from a [b]ail [r]evocation [h]earing concerning" him was "impermissible." ***Id***.

We consider these claims separately. With respect to the former, a claim that a trial court failed to consider mitigating factors does indeed raise a substantial question; however, here, Appellant suggests that the trial court did consider the mitigating factors, but gave his prior record more weight. ***See id***. We conclude that this claim is akin to an argument that the trial court failed to consider adequately mitigating factors, which we have held does not raise a substantial question. ***See Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) ("[T]his Court has held on numerous occasions that a

claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.") (quoting *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010)); *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question."). Accordingly, we conclude that Appellant has not presented a substantial question on this basis.

As to Appellant's claim that the trial court considered an impermissible factor, *i.e.* facts from a bail revocation hearing, in fashioning his sentence, we likewise conclude that Appellant has not raised a substantial question. Although "a claim that the sentencing court relied on impermissible factors in sentencing raises a substantial question," Appellant does not specify what particular facts the trial court considered. *Commonwealth v. Bromley*, 862 A.2d 598, 605 (Pa. Super. 2004). We recognize that "[o]ur inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. McNabb*, 819 A.2d 54, 56 (Pa. Super. 2003). However, Appellant cannot just baldly claim that the trial court relied upon impermissible factors then not provide this Court with even one example.[3]

---

[3] Appellant's brief has not cited any facts the trial court considered from the bail revocation hearing. In addition, Appellant has not included a transcript from that hearing. Finally, the trial court states that it did not consider such

Accordingly, because Appellant has not raised a substantial question, this Court will not review the merits of his sentencing claims.

Having presented this Court no issue on appeal entitling him to relief, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2018

matters. **See** Trial Court Opinion, 1/23/2018, at 11 ("Despite [Appellant's] allegations, [the trial court] did not discuss any matters from the bail revocation hearing.").

- 12 -